*301 OPINION of the Court, by
Ch. J. Boyi.ea
John Edwards having been duly declared a bankrupt, the commissioners assigned his estate to William M’Bean and othersrwho afterwards sold and conveyed sundry tracts of lard to James French, for which he passed his negotiable note, with Eli Cleveland an endorser, for 900 dollars, payable within sixty days. I he note was endorsed by M-Bean to the Howards, for a full and valuable consideration, and French having failed to make payment, they brought suit and recovered a judgment against him for the amount of the note. To injoin proceedings upon the judgment, French filed this bill, ma-kingtne bankrupt, the commissioners, the assignees of the commissioners and the Howards defendants.
- As the grounds for relief, he suggests some doubts as to the validity of his title derived from the assignees, without however specifying any particular objection tó it; and alleges that he had received notice from one of m* commissioners and an assignee under them, *302 tioninghino against paying the money due upon the, note to the Howards, in as much as the note was given, for the benefit of the bankrupt’s creditors, and was not the individual property of M’Bean, who had endorsed it to the Howards. He prayed for an examination into the validity of his title ; and if found defective, that the defects might be supplied or the contract rescinded j but if the title was valid, that the Howards and the other defendants might be compelled to interplead, whereby it might be ascertained to whom he might with, saiety pay the amount of the note;
Nor is it pro. per in fuch cafe to entertain a Viil for inter, pleader to afcer. tain to whom the money &ould be paid.
Some of the defendants answered, and the bill was., taken for confessed against the others, and the court on a final hearing decreed the bill to be dismissed and the injunction to be dissolved with ten per cent, damages, and costs. From which decree French has prosecuted this appeal.
We have no doubt that the decree of the inferior court is correct. The complainant has not made out sucha case in his bill as to justify a court of equity in interposing either to grant relief against the judgment a£ law or to decree an interpleader. The vague and general surmises contained in the bill as to defects in the title, cannot be admitted to form the basis of a decree for relief against the payment of the consideration. Such surmises might be made in ever}' case, and if they ' were held sufficient to suspend the payment of the purchase money, they would too often be used as a pretext for that purpose. We cannot, therefore, think it our duty in such a case to enter into an investigation of the title and pronounce an opinion upon its validity.
The bill is equally defective with respect to the case, made out for a decree to interplead, Such a decree is only necessary to enable the complainant to know to whom of several persons claiming the same thing in different rights he may with safety make, payment. Had the note remained in the hands of M’Bean, there could have been no danger bf the complainant’s being-prejudiced by making pa/m/nt to him : for as an as-signee of the commissioners, he had the same right to receive the money as either of the other assignees, and his receipt would have been good against them. If he. could himself receive the payment of the money,,he might ceriainly direct by his endorsement the payment, *303 to be made to a third person. In truth such an endorsement is equivalent to the receipt of the money, and renders him liable as assignee for the amount ol the note, to those having an interest in the estate ol the bankrupt. But-whatever might have been the doubt as to the propriety of making payment to M’Bean, had the note remained in his hands, there surely can be none with respect to payment to the Howards, who acquired the note in the course of trade iairly and lor a full consideration. French has no equity to set up against the payment, and the Howards, as innocent endorsees, having a legal as well as an equitable right to the money, must prevail in a contest with any adverse claimant having only an equitable claim to it.
The decree must be affirmed with costs and damages upon the damages.