JUDGE HARDIN
delivered the opihiobt oe the court.
This suit in equity was instituted by the appellant, Davis, for a rescission of a contract for the exchange of lands, entered into between him and the appellee, W. J. Dycus, in January, 1866, in which Davis sold and undertook to convey to the appellee a tract of land, situated in Livingston County, in consideration of certain lands in Marshall County, described in a bond of the appellee, in which he covenanted to make to the appellant “ a general warranty title to the same when *6 called on.” The plaintiff alleged that he was induced to enter into the contract by representations of the defendant that he had a good and perfect title to the lands sold by him in said exchange, and that said representations were false, and so known to be by the defendant at the time; but not by the plaintiff. He further alleged that he had called on the defendant for a conveyance in compliance with his bond, and that he had refused to make it; and that the defendant had not and “never did have a good or perfect title to the two quarter sections of land named in said bond; that defendant’s claim or title thereto is defective.” The petition contains these further averments: “ And plaintiff alleges that defendant can not make to him a good title or deed to the same; all of which plaintiff did not know at the time said contract was entered into, and which the defendant did know, and which facts he misrepresented to this plaintiff for the purpose of defrauding and cheating him.”
The defendant answered, controverting the allegations of the petition imputing false representations and fraud to him as inducements to the plaintiff to enter into the contract, and denying the alleged refusal of the defendant to perform, the agreement on his part. He further denied that, according to the true intention of his bond for a conveyance, he was bound to convey to the plaintiff a good and perfect title'; but he having purchased the land from J. H. Anderson, he alleged that it was contemplated that he would obtain the deed of Anderson, with his general warranty of title, and make a like deed, with his own general warranty, to the plaintiff; and this he averred he was able and willing to do. He afterward filed an amended answer, which was substantially, though not eo nomine, a counter-claim, setting forth the muniments of his title, and offering to convey the land embraced by his bond to the plaintiff according .to its stipulations, and exhibiting the bond of the plaintiff for the land in Livingston County, *7 and praying the court to enforce a specific execution of the entire contract, in accordance with 'the stipulations of both the bond of the plaintiff and that of himself.
The court having rendered a judgment for enforcing the contract as sought by the defendant, the plaintiff has appealed to this court.
The title of the appellee, as deduced from the commonwealth through two patents to John Jenkins, dated in 1837, and subsequent conveyances and judicial proceedings, exhibited in the record, seems to have been irregularly derived, and in some respects imperfect.
But the appellant having wholly failed to sustain the allegations of the petition of fraud and false representations as grounds of relief, the correctness of the judgment depends on the solution of two questions presented by the pleadings, and not affected by any evidence in the cause.
1. Does the petition state facts sufficient to constitute- a cause of action ?
2. There being no reply to the counter-claim for a specific
execution of the contract and a conveyance of the land embraced by the bond of the plaintiff, ought the matter constituting the counter-claim, for the purposes thereof, to have been taken as true notwithstanding the statements of the petition ? ,
There is no difficulty, we conceive, in construing the covenaut of the appellee to make to the appellant “ a general warranty of title.” Any general covenant to convey title, if not restricted or qualified in its terms by any other stipulation, implies that the covenantor can convey a perfect legal title, regularly derived from the commonwealth; and if he should be unable to convey such title his covenant will be broken. (Bodley, Ac. v. McChord, 4 J. J. Marshall, 475.) But were the averments, as made in substance, that the appellee had not and never did have a good or perfect title, and that his title was *8 defective, sufficient to put the appellee upon an exhibition of his title to avoid a rescission of the contract? In the case of Vittitoe & Enloe v. Jones & Triplett, 6 J. J. Marsh. 515, where the bill for a rescission alleged “that the defendants were unable at the date of the contract, and still were unable, to make a title, because the title was not vested in either of them,” this court decided that “the defendants held the affirmative, and were bound to exhibit title.” But the court proceeded further to say: “The present is a different case from that of French v. Howard, 3 Bibb, 301. A mere suggestion that the title of a party is defective is a very different thing from an allegation that the party is destitute of title. The defect may consist in the non-relinquishment of dower, the failure to record 'the deed, or a mistake in some expression, etc.; things which can be easily remedied. But where there is no title there can be no remedy.” And in the case of French v. Howard, supra, where the plaintiff suggested doubts as to the validity of the title of the defendant without specifying any particular objection, to it, but called for an. exhibition of title, and the circuit court dismissed his bill, this court, in its opinion affirming the judgment, said: “We have no doubt that the decree of the inferior court is correct. The complainant has not made out such a case in his bill as to justify a court of equity in interposing either to grant relief against the judgment at law or to decree an interpleader. The vague and general surmises contained in the bill as to defects in the title can not be admitted to form the basis of a decree for relief against the payment of the consideration.”
The principle of the distinction taken in the case of Vittitoe, &c. v. Jones; &c., supra, obviously is that as mere defects of title might, if pointed out and made the grounds of objection, be remedied by a party during the progress of the suit or shown not to exist, fair practice requires that they should be distinctly alleged as facts constituting a breach of the *9 vendor’s implied covenant of title, before he is bound to take upon himself the burden of proving that his title is good •, but it is not so where it is alleged as a fact that he has no title.
Testing the sufficiency of the petition in this case by the principle thus deduced, we are of the opinion that the plaintiff was not entitled to any relief upon the allegations importing a defect of title.
Upon the second question suggested, which seems to us to involve the correctness of the judgment for a specific execution of the entire contract at the instance of the appellee, we must regard the provision of the Civil Code of Practice (sec. 133), that “every material allegation of new matter in an answer constituting a counter-claim or set-off, not specifically controverted by the reply, must for the purposes of the action be taken as true,” as imperative. But if the matter alleged as constituting the counter-claim involves only a denial of what is averred in the petition, or an affirmance of what is therein denied, it ought not, we think, to be regarded as new matter within the meaning of the Code, though stated and relied on as a counter-claim. Therefore the averments of the petition importing a denial that the plaintiff had a “ good or perfect title ” may be treated, so far as applicable to the counter-claim, as if presented in a reply; but viewed in that aspect, which is certainly the most favorable one for the appellant, they do not, according to the general principles we have stated, sufficiently put in issue any supposed irregularity or defect of title, and do not therefore interpose a bar to a specific execution of the contract.
The pleadings therefore seem to have authorized the judgment, although the evidence of title exhibited by the appellee fails to show that it is free from objection.
Wherefore the judgment is affirmed.