## WADE H. MOORE v. JOHN JACKSON'S HEIRS.

**Pleading—Reply, When Not Necessary.**

Where the answer in an action relating to real estate is in effect a denial of the allegations of the petition and is made a counterclaim for the purpose of recovering for the surplus land in the event the sale is adjudged to have been by the acre, there is no necessity for any response to it, since the facts alleged in the answer are controverted by the petition.

### APPEAL FROM WASHINGTON CIRCUIT COURT.

December 22, 1872.

OPINION BY JUDGE PRYOR:

The original sale of the land by Jackson to Moore was a sale in gross, and the sale by Moore to Jackson was by the acre. The deeds from one to the other evidence this fact, and in the present suit, although Jackson in his answer insists that his original sale was by the acre, still he is contradicted by the deed itself and in the absence of an allegation of fraud or mistake in its execution sustained by proof its express stipulations can not be altered or reformed. The answer is in effect only a denial of the allegations of the petition and is made a counter claim for the purpose of recovering from the appellees for the surplus land in the event it is adjudged that the sale was by the acre. There was no necessity for any response to it—the facts alleged in the answer were controverted by the statements of the petition. See *Davis v. Lyons,* 7 Bush 4. The judgment of the court below is reversed and the cause remanded with directions to award to the appellant the land in controversy, or if the appellee should elect to take it, a right that should not be denied them, it must be subjected to the payment of the purchase money.

Judge Hardin not sitting.

*Hays, for appellant.*

*Noble, for appellees.*