### JOHN W. WOODWARD *v.* WILLIAM S. WOODWARD.

**Sale of Real Estate—Failure of Title.**

> A vendee is not bound to accept a deed from the vendor unless the conveyance will, at the time of its acceptance, pass a perfect legal title.

APPEAL FROM BATH COURT OF COMMON PLEAS.

November 22, 1877.

OPINION BY JUDGE LINDSAY:

Appellee, who sold to appellant by executory contract a tract of land made up of several parcels, instituted his action in equity to recover judgment for part of the agreed purchase price. He also sought to have specific execution by the enforcement of his lien as vendor, and by compelling the vendee to accept a tendered deed of conveyance.

The vendee defended on the ground that appellee could not convey in accordance with his agreement "to make a general warranty deed." He averred that he had no title whatever, and called for an exhibition of the evidences thereof, and finally prayed for a rescission of the contract.

The judgment appealed from shows that appellees did not have a good title to one or more of the smaller parcels composing the tract described in the bond for title, but the chancellor was of opinion that the defects in this regard were immaterial, and the proper subjects for compensation.

A careful examination of the record demonstrates the fact that appellee is not invested with a perfect legal title to the parcel making up about three-fourths of the entire tract. His claim to about one hundred twenty-six acres out of about one hundred eighty-one is based on a purchase at a decretal sale, made pursuant to a judgment rendered in an equity action instituted for the settlement of the estate of Sanford Anderson, deceased. Appellee was the administrator of said Anderson, and the plaintiff in that action. His purchase seems to have been confirmed, but at the time the final judgment was rendered in this case he had received no conveyance from the court, and lacked several hundred dollars of having paid off and satisfied the bond executed to the commissioner.

It is true that this action and that of Sanford Anderson's administrator against Anderson's heirs and creditors, which remained on the docket, were consolidated, and that the judgment appealed from seems to provide that when appellant shall pay the sum adjudged against him, the court will apply the same, or so much thereof as may be necessary, to the satisfaction of the balance due from appellee on account of his purchase of the Anderson land, and thus place him in an attitude to receive a conveyance and have his title perfected; but appellant denies the right of the chancellor thus to compel him to make good the title of his vendor.

The rule is, "that the vendee is not bound to accept a deed from the vendor unless the conveyance will, at the time of its acceptance, pass a perfect legal title, and this rule applies, even in cases in which the covenant is merely for a special warranty of title." *Williams v. Potts,* 1 J. J. Marsh. 596. And it is only by the indulgence of a court of equity that a title which ought to have been perfect when the contract was made, but is not perfected until after suit is in progress for rescission, is permitted to be brought in to prevent rescission. It is the vendor's fault and at his peril if his title is not perfect

and ready to be exhibited at the hearing. If the vendor shows a clear equity, and there be no other ground for rescission but the want of a formal legal title, the court doubtless will give him a reasonable opportunity for procuring it. But where the title exhibited is neither legal nor equitable, where there has been lack of diligence in taking steps to procure a title, and where there are other difficulties in the way of performance, there can be no reasonable ground for extending or for claiming indulgence. *Williams v. Carter,* 3 Dana 198; *Bartlett v. Blanton,* 4 J. J. Marsh. 426.

Here there is no pretense that at the time of the hearing the appellee held the legal title to the land in question, and the judgment which he is now seeking to uphold shows that his equity was not complete because he had not paid all the purchase price evidenced by his bonds to the commissioner, and the judgment for specific execution makes provision, or seems to make provision, for its subsequent completion.

The effect of the judgment is to compel the appellant to do for the appellee that which his contract, as well as the rules of equity procedure, required him to do for himself.

This court has always held that in order to entitle a vendor by executory contract to a judgment for the purchase price of the land sold, and for the enforcement of his lien, he must allege and prove his ability to convey according to the stipulations of his bond. In this case there was an utter failure of proof, and the appellee, notwithstanding the prayer by the appellant for a rescission, submitted his action for hearing without perfecting his title, and in fact without having taken any steps, or asked for time to take steps, to prepare himself to comply with his covenant, which was in effect a covenant to convey a perfect legal title. *Davis v. Dycus,* 7 Bush 4; *Bodley v. McChord,* 4 J. J. Marsh. 475.

The judgment of the court below is *reversed* and the cause remanded with instructions to dismiss appellee's petition, and to rescind the contract of sale on equitable terms.

Judge Cofer dissents.

*Reid & Stone, W. H. Cord, H. M. Buford, for appellant.*

*V. B. Young, B. D. Lacy, for appellee.*