## McCrocklin v. O'Donaghue, et al.

(Decided June 19, 1914.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

Specific Performance—Action for Specific Performance of Contract—When Record Does Not Indicate any Defect of Title in the Grantor There Is Nothing on the Appeal of the Grantee for the Court of Appeals to Review.—Where on appeal from a judgment specifically enforcing a contract, the grantee fails to allege any defect in the title tendered her by the grantor, but merely makes a vague complaint that she fears an attack upon the title of the real estate by unknown, collateral heirs of a remote, former owner thereof, such complaint, on appeal, furnishes no ground for the Court of Appeals to express an opinion on the question of title; nor would its judgment thereon be binding upon the supposed collateral heirs whom the complaining party did not, by cross-petition, bring before the circuit court as parties to the action.

OSCAR O. BADER, POPE NICHOLAS for appellant.

THOMAS WALSH, AUSTIN E. WALSH for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This action was brought by the appellees, Rt. Rev. Dennis O'Donaghue, Roman Catholic Bishop of Louisville, John K. Page, Howard Page and Mildred Page, his wife, against the appellant, Elizabeth McCrocklin, to compel the specific performance of a written contract whereby the appellee, Rt. Rev. Dennis O'Donaghue, in his ecclesiastical capacity as Roman Catholic Bishop of Louisville, and trustee, under the will of Leonora Thruston, deceased, of the Sisters of Mercy, of the Sacred Heart Home of Louisville, sold and covenanted to convey by deed of general warranty to appellant, upon the payment by her to him of $7,000.00 cash in hand, a lot of ground in the city of Louisville, fronting fifty feet on the north side of Chestnut Street and extending back northwardly one hundred and eighty-two feet to an alley.

There was filed with the petition and formally tendered appellant a deed signed and acknowledged by the appellee O'Donaghue and the appellees John K. Page, Howard Page and Mildred Page his wife, purporting to convey her with covenant of general warranty the above described property. It is alleged in the petition that appellant, in violation of her contract, refused to accept the deed or to pay for the property; and by the prayer of the petition the court was asked to compel her to perform each of these undertakings. The following averments of the petition present appellant's reasons for refusing to perform the contract:

"Plaintiffs state that the defendant refuses to accept the deed so tendered as aforesaid, because she fears although she does not know, that her title to be acquired by said deed will be attacked by certain collateral relatives of Charles M. Thruston, deceased, formerly the husband of Leonora Thruston, deceased; and although she believes that no foundation exists for any claim which may be made by said collateral relatives or any of them, her fear of attack resting upon the fact that said relatives have heretofore, though not in recent years and also without foundation according to her information and belief, claimed title or interest in and to said property."

Appellant filed a general demurrer to the petition, which the circuit court overruled, and upon her refusal to plead further judgment was entered compelling her to pay the appellee O'Donaghue the $7,000.00, agreed upon as the purchase price of the property, less $325.00, an in-

heritance tax due thereon, and to accept the deed of con--
veyance tendered by appellees. From that judgment this
appeal is prosecuted.

It appears from the record before us that the house
and lot in question was formerly owned by Lenora Thrus-
ton, widow of Charles Thruston, deceased, and that it
was conveyed her by deed of date April 10, 1877, but the
name of the grantor is not disclosed by the record. It,
however, appears from the record that Leonora Thrus-
ton left a will, by the seventh clause of which she devised
this property to the Rt. Rev. Bishop McCloskey, the ap-
pellee O'Donaghue's predecessor as Roman Catholic
Bishop of Louisville, in trust for the Sisters of Mercy,
Sacred Heart Home, Louisville, Kentucky, with power to
the trustee, if deemed advisable, to sell the property
and devote the proceeds to the support of deserving
Catholic widows over fifty years of age. After accept-
ing the devise and trust thereby imposed, Bishop Mc-
Closkey died and the appellee O'Donaghue, upon becom-
ing his successor as Roman Catholic Bishop of Louisville,
took charge of the house and lot and succeeded to the title
as trustee under Mrs. Thruston's will, with power to sell
the same and apply the proceeds as directed by the
seventh clause thereof.

Mrs. Thruston added a codicil to her will in the follow-
ing language:

"I devise all my property both real and personal, in-
cluding my house and lot on Fifth (corner) and Jefferson
Streets, absolutely to my nephews, John K. Page and
Howard Page."

Although the Pages make no claim to the house and
lot on Chestnut Street, devised by the seventh clause of
the will to Rt. Rev. Bishop McCloskey in trust for the
purposes previously stated, they and Mildred A. Page,
the wife of Howard Page, united with the appellee
O'Donaghue as plaintiffs in bringing this action, and also
united with him in the deed conveying the property to the
appellant, and this action upon their part will estop them
from setting up any future claim to the property.

No defect in the title to the Chestnut Street property
is disclosed by the deed tendered appellant by appellees,
but we are unable to determine from the record as pre-
sented what defects, if any, existed in the title of Mrs.
Thruston, as the deed by which it was conveyed to her is
not made a part of the record.

It is likewise impossible for us to determine from anything appearing in the record whether there are any grounds for the fears entertained by appellant of a future attack by the collateral heirs of Charles M. Thruston upon the title she would take to the Chestnut Street property under the deed tendered her by appellees. Appellant has not by answer alleged any defect in the title or even mentioned the name of any collateral heir of Charles M. Thruston who is making, has made, or can make any claim to the property. The petition is silent as to these matters, and its vague allegations that appellant fears an attack upon the title of the property by unnamed and unknown collateral heirs of Charles M. Thruston, even when admitted by her demurrer, furnish us no facts upon which to venture an opinion upon the subject of the title; in view of which, and of the further fact that appellant has not by cross petition made any of the collateral heirs of Charles M. Thruston parties to the action or called upon them to assert whatever claim of title they may have to the property, any conclusion that we might express as to the title would not be binding upon them or estop them from setting up claim thereto in the future. The defense attempted to be interposed by appellant's demurrer was not even sufficient to put the appellees upon an exhibition of their title, hence she was not entitled to any relief. In Davis v. Dycus, 7 Bush., 4, it was held that any general covenant to convey title, if not restricted or qualified in its terms by any other stipulation, implies that the covenantor can convey a perfect legal title regularly derived from the Commonwealth. And where the grantee's attack upon the title tendered by the grantor was made to rest upon the allegations ''that the defendant had not and never did have a good or perfect title, and that his title was defective,'' they were not sufficient to put the grantor upon an exhibition of his title to avoid a rescision of the contract. In the opinion it is said:

"A mere suggestion that the title of a party is defective is a very different thing from an allegation that the party is destitute of title. The defect may consist in the non-relinquishment of a dower, the failure to record the deed, or a mistake in some expression, etc.; things which can be easily remedied. But where there is no title there can be no remedy. And in the case of French v. Howard, supra (3 Bibb, 301), where the plaintiff suggested doubts as to the validity of the title of the

defendant without specifying any particular objection to it, but called for an exhibition of title, and the circuit court dismissed his bill, this court, in its opinion affirming the judgment said: 'We have no doubt that the decree of the inferior court is correct. The complainant has not made out such a case in his bill as to justify a court of equity in interposing either to grant relief against the judgment at law or to decree an interpleader. The vague and general surmises contained in the bill as to defects in the title can not be admitted to form the basis of a decree for relief against the payment of the consideration.' The principle of the distinction taken in the case of Vittitoe, &c. v. Jones, &c., *supra* (6 J. J. Mar., 515), obviously is that as mere defects of title might, if pointed out and made the grounds of objection, be remedied by a party during the progress of the suit or shown not to exist, fair practice requires that they should be distinctly alleged as facts constituting a breach of the vendor's implied covenant of title, before he is bound to take upon himself the burden of proving that his title is good; but it is not so where it is alleged as a fact that he has no title."

No reason being perceived for disturbing the judgment, it is affirmed.