# DECISIONS

## OF THE

# COURT OF APPEALS OF KENTUCKY,

## SEPTEMBER TERM, 1886.

CASE 29—PETITION EQUITY—SEPTEMBER 9, 1886.

## Honaker, &c., v. Cecil.

### APPEAL FROM PIKE CIRCUIT COURT.

RES JUDICATA—HOMESTEAD.—The judgment of a court having jurisdiction of the subject-matter and the parties, is conclusive not only as to all matters determined by it, but as to all incidental matters which might have been properly litigated and .decided in the same suit.

Where husband and wife have united in a mortgage waiving their right of homestead as directed by statute, and the mortgage appears to be duly acknowledged, a judgment of foreclosure in an action in which both husband and wife were before the court and made no defense, is a bar to an action by them claiming a homestead in the land upon the ground that the mortgage was not acknowledged by the wife as required by statute.

YORK AND FERGUSON FOR APPELLANTS.

A married woman can convey only in the manner and mode pointed out by the statute. Any attempt by her to convey in any other way is a nullity. (General Statutes, chapter 38, article 13, section 13; *Ibid.*, chapter 24, section 21; Wing, &c., v. Hayden, &c., 10 Bush, 276; McGrath, &c., v. Berry, &c., 13 Bush, 391.)

THOMAS R. BROWN FOR APPELLEE.

Appellants are concluded by the judgment enforcing the mortgage lien The matters now relied upon should have been pleaded in that. action.

Honaker, &c., v. Cecil.

.JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellants, as husband and wife, filed their petition in the Pike Circuit Court against appellee, for the purpose of recovering a homestead in a tract of land which they allege had been sold under a decree of the Pike Circuit Court, foreclosing a mortgage, purporting to have been executed by appellants, as husband and wife, to appellee's assignors.

Appellants allege that appellee, as assignee of said judgment, purchased said land at its sale under said decree of foreclosure, and was put in possession of it by writ of possession.

Appellants were summoned to answer said petition of foreclosure, but failed to appear and make defense to the action.

It is evident that said mortgage, though not copied in the record, by apt words covered and conveyed appellants' right of homestead, if any they had, in said land. Appellants so treat it. This court, for the purposes of its decision, will do likewise.

Although said mortgage, apparently duly acknowledged by appellants, conveyed their homestead in the said land, yet they made no defense to the suit instituted against them for the purpose of subjecting the land, including their right of homestead, to the satisfaction of the mortgage debt. Nor do they give any reason for not doing so.

They seek now to avoid the legal effect of said mortgage by charging that appellant, Malinda Honaker, "never acknowledged said mortgage separate and apart from her husband, but in his presence." As said, appellants give no reason for not making this defense to the suit of foreclosure.

Nor do they charge that said acknowledgment was fraudulently obtained. Nor do they seek to review, vacate or modify the judgment of foreclosure. They seem to plant their right to recover their homestead independently of the fact that the court has already adjudicated that matter against them. In other words, they treat that adjudication as void, and rely upon the cases of Wing, &c., v. Hayden, &c., 10 Bush, 276, and McGrath, &c., v. Berry, 13 Bush, 391, in support of that view. Those cases are not analogous to this one. The difference is essential.

In the case of Wing, &c., v. Hayden, &c., the husband had mortgaged his land which embraced his homestead, but his wife did not join in the mortgage. She was no party to it for any purpose. Judgment was obtained foreclosing the mortgage, and the property was sold to satisfy the mortgage debt. Afterward the husband and wife brought suit against the purchaser to recover a homestead in the land sold under said judgment. The purchaser pleaded the judgment in bar of this action.

This court held that, under the statute exempting to *bona fide* housekeepers with a family a homestead, the exemption could be waived only in the manner pointed out by the statute; and any attempt to waive it in any other way would be void; and the mortgage being before the court, and not showing a waiver of the homestead in the manner pointed out by the statute, any default decree rendered by the court attempting to establish a waiver of the right upon any other ground would be a nullity, and, therefore, not a bar to the assertion of a homestead right by an independent action.

In the case of McGrath, &c., v. Berry, it appeared that while Mrs. Berry joined in. the mortgage as a party of the first part, and signed and acknowledged the mortgage, yet she did not join in the grant, nor in any manner express in terms her intention either to relinquish dower or to join with her husband in waiving his right of homestead.

This court, upon those facts, held that there was no waiver of the homestead, and for the same reasons given in the case of Wing, &c., v. Hayden, decided that McGrath and wife could maintain their suit for a homestead, notwithstanding the fact that the land mortgaged had been sold under a judgment of court.

This court holds in the foregoing cases that parties are not bound by the judgment of a court upon a state of case that does not exist, or where the facts show conclusively the non-existence of a right to a judgment.

The difference between the case before the court and the foregoing cases is striking. Here the mortgage itself shows that appellants, as husband and wife, joined in the mortgage conveying to appellee's assignor the land; that it was signed by both of them and acknowledged by them in the manner pointed out by the statute; that they waived their right of homestead in the land as directed by statute. These things being before the court, it was asked to render judgment foreclosing the mortgage, and subject the mortgage property, including the homestead right, to the mortgagee's debt. The court did so. It adjudged upon a proper case before it

that appellants had waived their right to a homestead in the manner pointed out by statute, and ordered it sold to satisfy the debt against it.

Now the law is well settled by this court that the judgment of a court having jurisdiction of the subject-matter and the parties is conclusive, not only as to all matters determined by it, but all incidental matters which might have been properly litigated and decided in the same suit. (See Crabb v. Larkin, 9 Bush, 166; Talbott v. Todd, 5 Dana, 193.)

In this case the right of appellants to a homestead in the mortgaged land was properly before the court for adjudication. Appellants were summoned to answer and make defense to that as well as other matters, if any they had. They could have properly done so, but failed. It is, therefore, too late now to present the matter of homestead in an independent suit. It is already *res judicata.*

Wherefore, it is adjudged by the court that the judgment of the lower court sustaining the demurrer to appellants' petition and dismissing it, be affirmed.