## Miracle v. Purcifull, et al.

(Decided December 4, 1917.)

### Appeal from Madison Circuit Court.

1. Covenants—Breach of by Eviction—Remedies.—A convenant of general warranty creates a liability upon the warrantor, and where the convenant is executed prior to the acquisition of a homestead by the warrantor, the homestead is subject to the warranty claim, although the eviction occurred after the homestead had been acquired. When the covenant of warranty has been broken by eviction, the liability on the warranty does not then accrue, but the cause of action then accrues on the liability which the vendor assumed by his convenant of warranty when the deed containing same was executed. For that reason, where the vendee has been evicted, he is entitled to recover the money which he paid and interest thereon from the date of the deed containing the warranty, not interest from the date of the eviction.

2. Judgment—Collateral Attack.—In a collateral proceeding attacking the validity of a judgment, the rule is well established that where the record in which the judgment was rendered shows the service of a summons, it imports such absolute verity as to make it conclusive until reversed in some direct proceeding.

3. Husband and Wife—Rights of Married Woman Precluded by Default Judgment.—The rights of a married woman are precluded by a default judgment rendered against her. Therefore, she will not be permitted to show the character of the liability on which it was rendered and thus defeat its enforcement. If she can be sued and is capable of making a defense to the action, then whatever judgment may be rendered against her is binding although she might have prevented the recovery of the judgment if she had

made defense to the action after being summoned. She must be relieved from the effects of the judgment and the consequences of it in the same way that a single woman would get relief.

SHELBY M. JETT for appellant.

SHORT & JACKSON, O. P. JACKSON, W. T. SHORT and CHENAULT & WALLACE for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—Reversing.

The single question presented for decision by this appeal is, whether the homestead of a wife can be subjected to the payment of a default judgment against her for damages, rendered after the homestead was acquired; such damages having resulted from the breach of a covenant of general warranty contained in a deed from her husband, conveying to the latter the land therein described, in which the wife joined to relinquish as claimed, her potential right of dower, and which deed was executed prior to her acquisition of the homestead. The circuit court, in the suit of the wife joined by the husband, held that her homestead was not liable for the judgmennt, and set aside the sale thereof made under an execution issued upon the judgment. This appeal is prosecuted from the judgment manifesting those rulings.

The following facts appear from the record: On December 20th, 1902, the appellees, Lewis F. and Lucy Purcifull, and one James B. Thompson, by joint deed, containing a covenant of general warranty, conveyed to the appellant, H. C. Miracle, a certain tract of land in Bell county for a recited consideration of $2,200.00, cash in hand paid. On March 5th, 1909, the appellee, Lucy Purcifull, as alleged in the petition, purchased a small tract of land in Madison county to which she and her husband immediately removed, and upon which they have since continuously resided. The deed to this land, as further alleged, was, by mistake of the draftsman and without the wife's knowledge, made to both husband and wife instead of to the wife alone. It is conceded that this tract of land is of less value than $1,000.00.

By a judgment of the Bell circuit court rendered at its October term, 1914, in an action brought by a claimant, alleging title, to recover of him the land which had

been conveyed him by the appellees and Thompson, the appellant, H. C. Miracle, was in part evicted therefrom; the judgment declaring the plaintiff, claimant's, title to three-sevenths of the land, superior to his. Following this judgment and eviction the appellant, Miracle, in the spring of 1915 brought suit against the appellees, Lewis F. Purcifull, Lucy Purcifull and Thompson in the same court to recover of them damages for the breach of the warranty contained in their deed to him, resulting from the above mentioned eviction; and at the May term, 1915, of that court obtained a judgment against them and each of them for the amount of damages claimed. Although duly summoned in that action neither the appellees nor Thompson filed an answer resisting the recovery, or otherwise made defense to the action. Judgment went against each of them by default. In due course an execution was issued on the judgment directed to the sheriff of Madison county, who levied it upon the land in Madison county claimed by the appellee, Lucy Purcifull, as a homestead. Later the land was sold under the execution in question and purchased by the appellant. Thereafter this action, as already stated, was brought by appellees to set aside the execution sale, and to have the appellee, Lucy Purcifull's title to the land quieted; the grounds urged for such relief being that the land was and is exempt from sale under the execution as a homestead, and that it was paid for with money belonging exclusively to the appellee, Lucy Purcifull, and is her property. The right to a homestead exemption under the laws of this State is allowed by Kentucky Statutes, section 1702, which declares that a homestead, to be exempt, must have been acquired before the creation of the debt or existence of the liability sought to be enforced against it. If, therefore, the liability sought to be enforced in this case against the homestead existed prior to March 5th, 1909, the date of its acquisition by the appellee, Lucy Purcifull, it is not exempt. In other words, if the liability arose or began when the deed containing the covenant of general warranty was executed, viz., November 20th, 1902, the homestead is not exempt. On the other hand, if the liability was created by the eviction alone, the homestead is exempt. The deed from appellees and Thompson to appellant, Miracle, appears to be a joint conveyance from the grantors to the grantee, and contains

no statement conducing to show what interest the appellee, Lucy Purcifull, had in the land conveyed, or for what purpose she joined in the conveyance. It does nevertheless appear from the judgment recovered of appellees and Thompson by the appellant in the Bell circuit court for the breach of warranty, that the deed from them to him embraced and attempted to convey the undivided interests of Lewis Purcifull and the wife of Thompson, who was Lewis Purcifull's sister, in land inherited from their deceased father, which makes it apparent that the only interest Lucy Purcifull had in the land conveyed appellant was an inchoate or potential right of dower. Therefore, her joining in the deed could have had no other object or effect than to divest her of such dower. Arguing from this viewpoint it is the contention of her counsel that she was never primarily liable as a grantor upon the covenant of warranty contained in the deed, and that her liability accrued and began with the entering of the default judgment against her in appellant's behalf by the Bell circuit court in May, 1915, which had the legal effect to make her liable only because of her failure to interpose in that action the valid and conclusive defense she could have made, and imposed upon her no liability arising out of the breach of the warranty made by her husband and Thompson in the deed to appellant, until after her acquisition of the homestead.

This contention is based upon Kentucky Statutes, section 2127, which in part provides as follows:

"No part of a married woman's estate shall be subjected to the payment or satisfaction of any liability, upon a contract made after marriage, to answer for the debt, default or misdoing of another, including her husband, unless such estate shall be set apart for that purpose by deed of mortgage or other conveyance; but her estate shall be liable for her debts and responsibilities, contracted or incurred before marriage, and for such contracted after marriage, except as in this act provided."

Whether the shield imposed by the statute, *supra*, in behalf of a married woman would have protected the appellee, Lucy Purcifull, against the recovery of the judgment rendered in the Madison circuit court for the breach of warranty, if relied on by her as a defense to the former action, it is unnecessary now to determine. The fact remains that she made no defense to the ac-

tion but suffered judgment to go against her by default, and the legal effect of the judgment was and is to fasten upon the warrantors in the deed to appellant liability as of the date of the deed containing the warranty. In other words, the liability was created by the warranty and not by the eviction resulting from its breach. In Benge's Admr. v. Bowling, &c., 106 Ky. 575, it was held that a covenant of general warranty creates a liability within the meaning of section 1702, Kentucky Statutes, and where the covenant is executed prior to the acquisition of the homestead, the latter is subject to the warranty claim, although the eviction occurred after the homestead had been acquired. In the opinion it is, in part, said:

'The question in this case is whether the covenant of warranty created a liability, or did the liability in consequence of such warranty, arise when the eviction took place? If the liability was created by the warranty, then the land claimed as a homestead is subject to the payment of the judgment on the warranty. If no liability existed on the warranty until the eviction took place, then the land is exempt as a homestead, because it was purchased and paid for previous to that date. Liability is defined by Black's Law Dictionary to be "the state of being bound or obliged in law or justice to do, pay, or make good something; legal responsibility." Webster defines it to be "the state of being bound in law and justice; responsibility." Bouvier defines it to be "responsibility; the state of one who is bound in law and justice to do something which may be enforced by action." When the covenant of warranty has been broken by eviction, the liability on the warranty does not then accrue, but the cause of action then accrues on the liability which the vendor assumed by his convenant of warranty. It is by reason of the existing liability, resulting from the warranty, that the cause of action accrues. An obligation to pay money at a future time creates a liability, and when the promisor breaks his promise to pay the cause of action accrues.

This court has held that, where the vendee has been evicted, he is entitled to recover the money which he paid, and interest thereon from the date of the deed containing the warranty, not interest from the date of the eviction. It treats it as a liability incurred as of the date of the deed. The moment the deed is executed and

accepted, the vendor promises the vendee, in effect, that, if he is evicted from the land which he conveys to him, he will repay him the purchase money, with interest thereon from the date of the deed. This obligation, however, can not be enforced and no cause of action arises until the happening of the event which entitles the vendee to have his money, with interest, refunded, and, upon the failure of the vendor to do so, his right to maintain an action begins. If we should hold that no liability existed upon the covenant of warranty until eviction, the vendor could invest the purchase money in a homestead the same day or day after receiving it, and, although the vendee from whom he obtained it was evicted within twelve months thereafter, still the homestead in which he had invested it could not be subjected to the payment of such judgment as his vendee might recover against him for the breach of the covenant of warranty. The mere fact that years may elapse between the execution of the deed and the eviction does not affect the question as to whether the warranty created a liability, or lessen the legal or moral obligation of the vendor to refund, with interest, the amount which he received from the vendee. The liability imposed by a warranty is as just, and the vendor should be no more permitted to hold his homestead against it than any other debt or liability, which he might have incurred prior to the purchase of the homestead."

The rule announced in the case, *supra*, was approved in Hieatt v. Anderson's Admr., and others, 74 S. W. 1094, though applied to a different state of facts, and was recognized by this court as far back as 1829 in the case of Fitzhugh and Thurston v. Croghan, 2 J. J. Marshall 429, and applied to the breach of a covenant of seisin, the court holding that such a covenant is satisfied only by the transfer of an indefeasible title, and is technically broken as soon as it is made, if the title be from any cause defeasible. The only difference in such case and that of a breach of warranty being that an action for the breach of a covenant of seisin will lie before eviction, whereas in the case of a breach of warranty it will not do so until the eviction results. To the same effect is the opinion in Mercantile Trust Co. v. South Park Co., 94 Ky. 271. We are, therefore, compelled by the authorities, *supra,* to give the judgment in the former action for damages arising out of the breach

of warranty, the same effect in determining the liability of the appellee, Lucy Purcifull, as if she had been a joint owner of the land from which the appellant, Miracle, was evicted; which effect may be said to result from her own conduct in failing to make defense to the action in which it was rendered. The judgment was final, and, after the term at which it was rendered, passed beyond the power and control of the court and until reversed or vacated in some of the modes known to the law for reversing or vacating judgments, is conclusive of all matters determined by it. Moreover, in a collateral proceeding attacking the validity of a judgment, the rule is too well settled to require citation of authority, that where the record in which the judgment was rendered shows the service of a summons it imports such absolute verity as to make it conclusive until reversed in some direct proceeding. All of the authorities are equally harmonious to the effect that under the Married Woman's Act of March 15th, 1894, a married woman cannot resist the enforcement of a judgment against her on the ground that she was liable only as a surety in the obligation upon which the judgment was rendered, as that defense could have been made in the original action. In Wren v. Ficklen, &c., 109 Ky. 472, a wife attempted by suit to enjoin the collection of a judgment against her upon the ground that it was rendered on a note which she executed as surety for her husband; for which reason it was claimed that her land could not be subjected to its payment. In refusing her the relief sought we, in part, said:

"If she can be sued, and is capable of making a defense to the action, then whatever judgment may be rendered against her is binding. She must be relieved from the effects of that judgment and the consequences of it in the same way that a single woman would get relief. If she signed the obligation as surety for her husband while laboring under the disability of coverture, she could have pleaded that fact as a defense to the action in which the judgment was rendered, and thus, if she established her plea, defeat a recovery. If she had pleaded coverture as a defense to the note, and had not sustained her plea, certainly she could not again relitigate the question as to whether she was liable as surety for her husband on the note in an action to enforce the judgment. Whatever she might have pleaded

as a defense to the note must be treated, in an action to enforce the judgment, as having been relied on as defense to the action; for if she failed to make the defense, the effect is exactly the same as it would have been had she made it, and failed to establish it. While the judgment remains in force, the presumption is conclusive that the disability of coverture was not a good defense to the obligation upon which the judgment was rendered. The statute says a married woman's estate shall not be subjected to the payment or satisfaction or any liability upon a contract made after marriage to answer for the debt of another. This language does not, nor was it intended to, put it within the power of a married woman, after her liability had been fixed by the judgment, to then plead that it was an obligation for the debt of another, and therefore the judgment should not be enforced. If her property can not be subjected to the payment of the judgment, it was idle to obtain it. It would be utterly valueless if it was not enforceable. Her rights were concluded by the judgment. Therefore she will not be permitted to show the character of the liability on which it was rendered, and thus defeat its enforcement.''

Shanklin v. Moody, &c., 23 R. 2063.

For the purposes of this case the appellees, Lewis F. Purcifull and Lucy Purcifull occupy identical positions. A joint and several judgment has been rendered against them for a breach of warranty by a court having complete jurisdiction of the subject matter and of the parties. That judgment has not been vacated by the court rendering it or reversed by the Court of Appeals, and it can not be collaterally attacked as here attempted, but must be given as to the wife the same legal effect it has as to the husband. Therefore, it imposes a like liability upon each of them; and this being so, the homestead claimed to have been acquired by the wife subsequent to the conveyance to appellant, was legally subjected to the satisfaction of the judgment. For these reasons the exemption claimed cannot be allowed.

Judgment reversed.