## Bassett v. Bassett.

### (Decided March 1, 1918.)

### Appeal from Grayson Circuit Court.

1. Appeal and Error—Res Judicata—Law of the Case.—Res judicata includes not only all facts and questions that were litigated in the previous action between the same parties, but those also that could properly have been litigated, and such as could properly have been litigated in the first action can not thereafter be relitigated by the same parties or their privies.

2. Judgment—Res Judicata.—A former judgment affirming the existence of any fact is conclusive upon the parties and their privies whenever the existence of the fact is again in issue between such parties or their privies, not only when the subject is the same but when the points come incidentally in question in relation to a different matter in the same or any other court.

CHARLES CARROLL for appellants.

G. W. STONE for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

On May 10th, 1909, E. R. Bassett purchased of the Cincinnati Cooperage Company a tract of land contain-

ing 2,650 acres lying in Grayson county, agreeing to pay therefor $8,925.00. Five thousand dollars of this sum was paid in cash, the balance was represented by notes executed by E. R. Bassett. At the time of the purchase E. R. Bassett did not have sufficient money to make the first payment, five thousand dollars, and he solicited R. J. Bassett who was then connected with the bank at Leitchfield, to assist him in procuring the money and this was done by the manipulation of notes through the bank with which R. J. Bassett was connected. After the property was deeded to E. R. Bassett and after he had agreed in consideration of R. J. Bassett paying one-half of the purchase price, expenses, interest, cost and taxes on the land, that R. J. Bassett should share equally with him in the profits arising from the sale of said land, the following writing of date July 5th, 1909, was executed:

"July 5, 1909, whereas on May 10th, 1909, the Cincinnati Cooperage Co., made a deed to E. R. Bassett conveying 2,650 acres of land in Grayson county, Ky., for the sum of $8,925.00; now this is to certify that R. J. Bassett is to pay one-half of said purchase price of the land and one-half of all expenses, interest, cost, and taxes and to share equally with E. R. Bassett in the profits arising from the sale of said land and to share equally with E. R. Bassett in any loss that might be sustained.

(Signed)     "E. R. BASSETT."

After the execution and delivery of this writing R. J. Bassett failed to provide any part of the purchase money, or expenses, cost or taxes stipulated in the writing and left the entire burden upon E. R. Bassett. Shortly thereafter E. R. Bassett succeeded in selling a portion of the land and certain timber off the land for a sum in excess of the entire purchase price. When this was done R. J. Bassett immediately became interested and desired to take his half interest in the property, as per the written option above copied, but E. R. Bassett declined to convey to R. J. Bassett a one-half interest, the property already having paid for itself with some 1,600 acres over. Thereupon R. J. Bassett instituted an action in the Grayson circuit court seeking a specific performance of the contract, and this action after preparation was decided by the lower court in favor of R. J. Bassett and he was adjudged the owner of a one-half

undivided interest in the property. From this judgment E. R. Bassett appealed to this court, and in an opinion delivered May 2nd, 1914, this court reversed the judgment of the Grayson circuit court with directions to dismiss the petition. In that opinion, found in 159 Ky. 117, in construing the writing sued on, it is said:

"As we construe this writing, it submitted to R. J. Bassett an option giving him the right to pay one-half the purchase price and one-half the expense, interest, and cost and taxes, in consideration of which he was to have an equal interest in the profits with E. R. Bassett, who recognized his right to an equal interest when he paid his part of the price. Whether he had an interest in the profits or not depended on his election to accept the option and pay one-half of the purchase price and one-half of all expenses, interest, costs and taxes, and this he did not do. There is no condition in the writing conferring upon R. J. Bassett the privilege of securing an interest in the land in consideration of the assistance he rendered E. R. Bassett in his—E. R. Bassett's—efforts to raise the money to pay the purchase price, nor is there any suggestion in the writing that in consideration of his assistance R. J. Bassett should have an interest in the profits that might be realized from a sale of the land. Whatever right he might have had, and it is extremely doubtful if he could have any, to an interest in this land under the verbal arrangement by which he agreed to use his position as a bank officer to raise money by lawful as well as unlawful, or, to say the least, questionable methods, were voluntarily surrendered when he accepted this writing as the contract."

Upon the return of the case to the lower court the mandate of this court was entered and the petition dismissed. Thereafter appellant, R. J. Bassett, instituted this action upon the same writing, making in substance the same allegations as in the original action, setting forth the same description of the property, concluding with a prayer similar to that of the first petition. A demurrer was interposed to the petition and overruled; answer was filed traversing the allegations of the petition and pleading *res judicata*. In this answer is copied the petition, answer, reply, and part of the evidence of the former case. Upon motion the evidence thus pleaded in the answer was stricken, but a motion to strike the copy of the original pleadings from the answer was

overruled. A reply was filed, traversing the allegations of the answer and attempting to avoid the effect of the plea of *res judicata*. The defendant thereupon moved to strike from the reply most of the material allegations thereof, which motion was sustained by the court, and plaintiff given further time in which to plead. At the succeeding term of court plaintiff declined to plead further, and his petition was thereupon dismissed. From this judgment he appeals.

In the present action it is alleged that at the time of the delivery of the writing dated July 5th, 1909, R. J. Bassett informed appellee, E. R. Bassett of his willingness to accept the option and did then and there accept it, and was from that time ever after ready and willing to perform his part of the contract and was only prevented from so doing by the misconduct of E. R. Bassett. In effect the same allegations were made in the original action, and we have sought in vain for a real distinction between the two proceedings. *Res judicata* not only includes all facts and questions that were litigated in the action but those also that could properly have been litigated, and such as could properly have been litigated in the first action can not thereafter be re-litigated by the same parties or their privies. Talbott v. Todd, 5 Dana 190; Honaker v. Cecil, 84 Ky. 202; Hall v. Foreman, 85 Ky. 509; United States Fidelity & Guaranty Co. v. Carter, 158 Ky. 739; Stone v. Winn, 165 Ky. 22.

It has further been held that a judgment necessarily affirming the existence of any fact is conclusive upon the parties or their privies whenever the existence of the fact is again in issue between such parties or privies, not only when the subject is the same, but when the point comes incidentally in question in relation to a different matter in the same or any other court. (Hoskins v. Hoskins, 157 Ky. 738.)

It is also a rule that, every question must be considered as disposed of unless expressly left open for further litigation. (Smith v. Brannin, 79 Ky. 114.)

Under the rule established by this court that a prior judgment may be relied upon in a plea of *res judicata* not only as to all that was in issue in the previous suit but all that could properly have been put in issue by the parties, it follows that the trial court correctly sustained the plea and dismissed the plaintiff's petition.

This rule is rested upon the necessity of putting an end to litigation. Questions must be set at rest when once litigated and finally determined. No good purpose could be served by going over the same ground a second time to the great expense of the litigants and the annoyance of the courts.

Judgment affirmed.