## Caudil, et al. v. Wagoner.

(Decided May 23, 1919.)

### Appeal from Pike Circuit Court.

1. Life Estates—Tenancy—Royalties of Mines.—A life tenant by curtesy is by law entitled to royalties due from the operation during his tenancy of mines which were opened and operated upon the land during his wife's lifetime.

2. Life Estates—Remaindermen—Royalties.—Where in a controversy with the remaindermen an agreed judgment was entered adjudging to the life tenant one-third and to the remaindermen two-thirds of such royalties, and subsequently the remaindermen sold their interests in the land to a mining company, which resumed operation of the same mines, the mining company can not complain of a judgment in favor of the life tenant for one-third of a reasonable royalty on the coal mined.

3. Life Estates—Mines and Minerals.—The payment to the life tenant of a stipulated annual rental for certain uses of the surface which are recognized and contracted for by the parties as additional to the right to operate mines on the land, does not preclude him from recovering reasonable rental value of the mining right.

STRATTON & STEVENSON for appellants, Caudil and Mullins.

CLINE & STEELE for appellant, Mossy Bottom Mining Co.

ROSCOE VANOVER for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The question presented by this appeal is whether appellee, Tobias Wagoner, life tenant by curtesy of 22½ acres of land, is entitled as adjudged to one-third of the royalties due on the coal mined therefrom, by appellant, Mossy Bottom Mining Company.

The land was leased by appellee and his wife, Caroline M. Wagoner, who owned the land, to the Wagoner Coal Company, and the mines were opened and worked for a time during her lifetime by that company under its lease. After the death of Caroline M. Wagoner, and while the mines upon the land were being operated by the Wagoner Coal Company under its lease, a controversy arose between the life tenant, Tobias Wagoner, and his children, who inherited the remainder interest in the land from their mother, as to whom the royalties were due under the lease, and in a suit which grew out of that controversy, an agreed judgment was entered adjudging to the life tenant one-third of the royalties and to the remaindermen the remaining two-thirds thereof.

Thereafter the Wagoner Coal Company, having encountered financial trouble, ceased its mining operations, and in the settlement of its affairs its lease was sold to the appellant, Mossy Bottom Mining Company, which, however, seems to have abandoned its lease, when it subsequently purchased an undivided four-fifths interest in the land from the remaindermen, and thereafter resumed operation of the mines theretofore opened upon the land, and it now denies that the life tenant is entitled to any royalties from the operation of the mines, and complains of a judgment in his favor for one-third thereof, but admits liability to an infant remainderman whose undivided one-fifth interest it has not acquired, for a proportional part of a reasonable royalty upon coal mined, conceded to be ten cents per ton, and a judgment was entered in favor of this remainderman upon that basis, of which no complaint is made.

Since the very same mines that are now being operated were opened and operated during the lifetime and under lease from Caroline M. Wagoner, there is no doubt under the authorities, that the life tenant by curtesy was by law entitled to the whole of the royalties due from such operation. (See 9 R. C. L. 579; James H.

Segher, Gdn., v. Gertrude C. McCabe, 16 L. R. A. 247; Deffenbaugh v. Hess, 36 L. R. A. (New Series) 1099 and notes.) So except for the judgment in the litigation between appellee, the life tenant, and his children, the remaindermen, which fixed their respective interests in these royalties, appellee would clearly have been entitled to the whole of same; but recognizing the binding effect of that judgment, he is in this action claiming and was awarded by the judgment herein, but one-third thereof. Since the land had been thoroughly impressed as mineral land and the mines in question had been opened and operated by the owner in her lifetime, which under the authorities above cited fixed upon her surviving husband entitled to curtesy the right to the royalties or rentals therefrom, it is quite clear that the remaindermen inherited their interests in the land with this burden thoroughly impressed upon it, and that the Mossy Bottom Mining Company, by its purchase from these remaindermen, took no greater interest in the land than that owned by them, and its rights in the land, just as were their rights, are subject to the life tenant's rights therein, and it is only because of the compromise judgment between its grantors and the life tenant that it is entitled if at all to any part of royalties due from the operation of the mines during the life tenant's occupancy. Nor does the fact that the Mossy Bottom Mining Company is paying to the life tenant a stipulated annual rental for the use of certain buildings upon the land and for the right to haul over this land coal it mines from other lands acquired from other sources, preclude the appellee from recovering his part of the royalties due from the operation of the mines on this land, since it is clear that these payments are not made nor intended by either party as a settlement or waiver of royalties on coal mined from the land, but are for rights to use the surface recognized and contracted for by the parties as additional to the right to operate the mines thereon.

Wherefore the judgment is affirmed.