## Cumberland Pipe Line Company v. Spears.

(Decided April 21, 1925.)

### Appeal from Johnson Circuit Court.

1. Judgment—Rule of "Res Judicta" Stated.—Rule of "res judicta" means that, where a question of fact is once litigated and determined by judgment of court of competent jurisdiction, no fact or question that was therein litigated, or could have been litigated, can thereafter be relitigated by the same parties or their privies.

2. Judgment—Demurrer to Plea of Res Judicata, Properly Overruled where Injury Subsequent to Former Judgment was Alleged.—In action for injury to soil from oil leakage in pipe line, where prior recovery was had for injury to crops from leakage, demurrer to plea of res judicata held properly overruled, in view of allegation that there was a subsequent leakage.

3. Judgment—Claim for Permanent Injury to Soil by Leak in Oil Pipe Res Judicata Under Judgment for Damage to Crops.—Where previous judgment was had for destruction of crops by oil leakage in pipe line, question of permanent injury to soil held res judicata; there being no proof of any leakage subsequent to recovery or that saturation of soil was not complete at time thereof, notwithstanding that plaintiff may have been ignorant that permanent damage to soil would result.

4. Judgment—Damage to Land from Negligent Construction of Emplacement for Pipe Line Not Res Judicata by Action for Damage to Land for Oil Leakage.—Action for injuries from interference with proper drainage of land, arising from negligent construction of concrete emplacement for oil pipe line which had sprung leak, not pleaded in first suit, held not res judicata in action for injuries from oil leakage.

JOHN H. GARDNER for appellant.

FRED HOWES for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Appellant owns and operates an oil pipe line, running through appellee's farm, by virtue of a right-of-

way to use such land both for construction and maintenance. Its original line was constructed about the year 1903 and repaired in 1916. For a short distance it runs through a narrow bottom and under a branch and at this place consists of a double line of six inch pipe.

In the year 1919 the pipe in the bottom sprung a leak and several barrels of oil ran out and covered something less than an acre of the adjoining land. This was repaired. Conceiving the injury to be caused by chemicals in the soil corroding the pipe, appellant later enclosed the pipe at this place in a concrete block. Concrete forms were made 18 inches wide and 12 inches thick so as to make the concrete block three inches in thickness on each side of the pipes, and a trench was dug sufficiently deep for the top of the concrete to be 18 inches below the surface of the soil.

At the branch the pipe was bent so as to permit the concrete emplacement to remain the same depth below the bottom of the water as it was below the surface in other places.

In February, 1921, appellee filed suit against appellant, alleging that the pipe had bursted in December, 1919, and that several hundred gallons of oil had run over his meadow, killing his grass and injuring his ground, for which he sought damages in the sum of $600.00, and in that action recovered $50.00.

The present action was filed in June, 1922; in it he seeks to recover $1,000.00 damages for the same injury. However, in this action it is alleged that the oil destroyed the productivity of the soil and permanent damages are sought.

The answer is a traverse and in the second paragraph the former suit and judgment are pleaded as *res judicata*. By reply it is alleged that at the time of the institution of the original action plaintiff was not familiar with the matters involved and was totally ignorant of the effect of oil saturation upon the productivity of the soil; he knew that he had lost one crop by reason of such saturation but did not anticipate any further injury, and that the damage in the former case was restricted to the loss of the 1920 crop.

A demurrer to this paragraph was overruled. Later plaintiff filed an amended petition in which he alleged that the concrete wall was negligently constructed and that by reason of placing such wall in the subsoil, subterranean percolation and drainage were retarded; that in covering this emplacement defendant left a ridge

which has interfered with and obstructed the flow of the surface water, and by reason of this the bottom has become and remained wet and marshy to its great detriment, &c.

A motion to strike this pleading from the files on the ground of a departure was overruled. The answer was a traverse and plea of *res judicata*. In a jury trial the court by its instructions eliminated the injury to the crops during the year 1920. Plaintiff recovered $250.00 and defendant seeks an appeal in this court.

Questions involving the rule of *res judicata* have been before this court so often and its meaning so clearly defined that it is unnecessary to do more than quote from any of the numerous decisions regarding it.

As said in Stone v. Winn, 165 Ky. 22: "The rule of *res judicata* means this: That where a question of a fact is once litigated and determined by the judgment of a court of competent jurisdiction, no fact or question that was therein litigated, or could have been litigated, can thereafter be relitigated by the same parties or their privies."

This rule is recognized in Talbot v. Todd, 5 Dana 190; Honaker v. Cecil, 84 Ky. 202; Hall v. Forman, 82 Ky. 505; Davis v. McCorkle, 14 Bush 753; Hardwicke v. Young, 110 Ky. 504; Elswick v. Matney, 132 Ky. 294; Jefferson, Noyes & Brown v. Western National Bank, 144 Ky. 63; Green County v. Lewis, 157 Ky. 495; Wood v. Sharp's Admr., 159 Ky. 47; U. S. Fidelity & Guaranty Co. v. Carter, 158 Ky. 737.

In Wood v. Sharpe, *supra,* we quoted with approval the rule as laid down in 23 Cyc. 1170 to the following effect:

"A judgment on the merits, rendered in a former suit between the same parties or their privies, on the same cause of action, by a court of competent jurisdiction, is conclusive not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action. A party therefore must present in one action all the reasons, grounds and evidence which he may have in support of his claim or defense, and if he has several claims or titles to the property in controversy he must assert them all. Again if a party is brought into a case and has a fair, legal opportunity to present and enforce any

claim he may have in relation to the subject matter he must avail himself of it, and whether an original party or an intervener, he must present his whole case, extending his claim so as to embrace everything which properly constitutes a part of his cause of action or defense. Further a plaintiff must recover in one action all he is entitled to; if dissatisfied with the result, he cannot bring a new suit to recover something more on the same cause of action.''

It is argued however, that plaintiff was ignorant of the character of the injury; that he assumed it to be temporary and sought and recovered damages for temporary injuries only; that later he learned of the permanency of its nature through successive crop failures; that thus the facts have changed and new facts occurred which materially alter the rights of the parties, reliance being had on the following excerpts from 23 Cyc.:

''The estoppel of a judgment extends only to the facts as they were at the time the judgment was rendered, and to the legal rights and relations of the parties as fixed by the facts so determined; and when new facts intervene before the second suit, furnishing a new basis for the claims and defenses of the parties respectively, the issues are no longer the same, and consequently the former judgment cannot be pleaded in bar.'' Page 1161.

''The estoppel of a judgment extends only to the facts in issue as they existed at the time the judgment was rendered and does not prevent a reexamination of the same questions between the same parties where in the interval the facts have changed or new facts occurred which may alter the legal rights or relations of the litigants.'' Page 1290.

Several of our opinions are cited in support of the text which seems to be a correct exposition of the law. However, it does not appear that the facts in this case changed or any new facts relating to the original cause of action occurred between the trials of the two cases. True it is alleged that there was a subsequent leak in the pipe, but there was no evidence that any leak occurred or existed after it was repaired in December, 1919.

At that time the soil received all the saturation of oil of which complaint is made. If such saturation destroyed the productivity of the soil the injury was then complete. Evidence of successive crop failures would tend to establish the permanency of the original injury,

but would not be a new fact constituting a new cause of action.

So that while the court was authorized to overrule the demurrer to the plea of *res judicata* for the reason that a subsequent leakage of oil occurred, yet as the proof related solely to the injury tried in the first case, that issue should not have been submitted to the jury.

The amended petition set up a cause of action for injuries arising from the negligent construction of a concrete emplacement. This cause of action was not pleaded in the first suit, and it did not grow out of the same facts upon which reliance was had therein, therefore the judgment in the former action is not *res judicata* as to it. Consequently this allegation raised a new issue, and as there was some evidence tending to support it, this issue alone should have been submitted to the jury.

For the reasons indicated the appeal will be granted, judgment of the lower court reversed and cause remanded for proceedings consistent with this opinion.