### Wolverton v. Baynham et al.

(Decided November 13, 1928.)

Appeal from Fayette Circuit Court.

1.  Vendor and Purchaser.—Agreement in contract to convey general warranty title implies conveyance of perfect legal title to the

property, and, in case of vendor's inability to tender such title, vendee is not compelled to accept the deed.

2. Judicial Sales.—While purchaser must take notice of what record reveals, and doctrine of caveat emptor applies to judicial sales, commissioner's deed has same effect as deed of owner himself, and passes to purchaser benefits of previous warranty of title to property, though there is no warranty in the commissioner's deed itself.

3. Vendor and Purchaser.—Fact that papers in suit in which commissioner executed deed to vendor's predecessor in title had been lost, and that purchaser feared unnamed infant might have interest which was not foreclosed, did not justify purchaser in rescinding, in specific performance suit, though agreement in executory contract called for conveyance of general warranty title.

4. Vendor and Purchaser.—Court will enforce specific performance of contracts founded on commissioner's deed, unless there is reasonable ground to apprehend trouble or successful attack on the validity of the deed.

5. As against collateral attack, where record shows jurisdictional facts, judgment is conclusive until reversed in some direct proceeding.

6. Judgment.—It will be conclusively presumed that judgment is regular and valid, unless record affirmatively shows it to be otherwise.

7. Judicial Sales.—Defects in judgment, rendering it erroneous or voidable, do not affect title of purchaser at decretal sale and his privies, since they have status of bona fide purchasers, provided court had jurisdiction of parties and subject-matter.

8. Judgment.—Mere misplacement of papers in case cannot affect the integrity of the judgment and other entries in court records since pleadings and exhibits become only evidential after judgment is entered and are presumed to support the record.

9. Specific Performance.—Purchaser to defeat right of vendor to specific performance on account of defective title acquired under decretal sale was obliged to make affirmative showing that proceedings in the former suit were in fact void, and court could conclusively presume their validity in absence of such disclosure.

10. Specific Performance.—Where papers in former suit in which commissioner executed deed were misplaced, but record was supplied and regularity of commissioner's deed to vendor's predecessor in title established, court properly adjudged title to be good and properly decreed specific performance of executory contract to convey general warranty title, notwithstanding objections of purchaser that original papers might have disclosed some weakness or omission.

11. Vendor and Purchaser.—Existence of bare possibility of defect in chain of title will not relieve purchaser, in vendor's suit for specific performance.

ALLEN, BOTTS & DUNCAN and JOHN B. SHANNON for appellant.

E. S. DABNEY, SMITH & REYNOLDS, and HUNT, NORTHCUTT & BUSH for appellees.

OPINION OF THE COURT BY COMMISSIONER STANLEY—Affirming.

In January, 1928, appellant, Charles W. Wolverton, and appellees, Leslie B. Baynham and J. H. Baynham, entered into a contract for the purchase and sale of certain property in Fayette county, for the sum of $19,252.70.

This suit was instituted against the purchaser, Wolverton, for a specific performance of the contract. In defense, the appellant pleaded that the appellees could not convey a clear title to the land as they had contracted to do for the following reasons: The Baynhams acquired it from Metcalf and wife by deed of January 3, 1927, and Metcalf derived title under a deed of the master commissioner of the Fayette circuit court, of date February 6, 1926, conveying the title of the parties in a suit then pending in that court of W. S. Scott v. Mary S. Scott and others; the record and all the papers in the suit had been lost or misplaced, and could not be found; there was nothing in the record of the clerk's office showing the purpose of the suit or the grounds upon which the property was sold; and it further appeared there were some infant defendants in the case whose interest in the property was purported to be divested by the judgment. He asserted that, because of the loss of the papers in that suit, and the possibility of their disclosing the invalidity of the judgment if they should be found, the Baynhams' title to the property was uncertain and under a cloud, and, by reason thereof, they could not convey to him a clear, perfect, unincumbered, fee-simple title of record or a good merchantable title to the property.

By reply the Baynhams averred that the records of the Fayette circuit court showed the necessary and proper steps had been taken in the Scott suit, and, specifically setting out the various orders, pleaded that the

judgment was regular in every particular. They denied their title to the property involved in this suit was uncertain or resting under a cloud, and stated they were able to convey a perfect title. The lost record in the Scott suit was practically supplied by the introduction of carbon duplicates of the pleadings, and the testimony of the guardian ad litem, attorneys practicing the case, and the officers of the court.

The judgment recites that, it—

"appearing to the court, from the proof taken herein, that the record in said action has been duly and sufficiently proven, and that all of the parties having any interest in said land were parties to said action and that the court had full jurisdiction of the parties to said action, and that said tract was duly and properly sold pursuant to judgment rendered in said action, and said sale was thereafter confirmed, and that no objections were made to said judgment or exceptions saved to same; that no exceptions were made to the sale and report thereof made by the Master Commissioner of said court, and said sale was duly confirmed and said tract was, pursuant to the order of this court, conveyed by the deed of the Master Commissioner of this court to the purchaser thereof at said sale, to-wit: Thomas Metcalf, and that said judgment and order of sale and order confirming said sale are now in full force and effect and have never been appealed from nor reversed, it is found ordered and adjudged that the plaintiffs, Leslie B. Baynham and J. H. Baynham, as vendees and owners of said land, claiming under said Thomas Metcalf, are now vested with a clear and perfect, unincumbered, fee-simple and marketable title to said tract of land."

The chancellor accordingly decreed a specific performance of the contract, from which judgment this appeal is prosecuted.

The agreement in the executory contract to convey a general warranty title implied the conveyance of a perfect, legal title to the property, and, if the vendors were unable to tender such title, their covenant would be broken, and the appellant, as vendee, would not be compelled to accept the deed, although it did contain a coven-

ant of general warranty. Ethington v. Rigg, 173 Ky. 355, 191 S. W. 99; Devlin on Deeds, secs. 1474, 1477. It will be observed that there is no allegation of fact indicating the vendors did not have a merchantable title to the land, but only a conclusion is stated. It is noted also that appellant did not even suggest the judgment in the Scott case, or the sale thereunder, was either erroneous or void, but merely asked relief from his contract by saying it *might* be one or the other. With equal reason any one in any case may say, for example, that among the muniments of title there *might* be a deed executed by one not having mental capacity to make the conveyance. To hold that the loss of the papers from the clerk's office creates such a cloud on the title to the land involved would be to hold that the whole structure of land titles is weak and deficient because a mere possibility of a defective link in the chain of title being disclosed at some future time. Land titles do not rest upon such feeble foundations.

While a purchaser must take notice of what the record reveals (Dotson v. Merritt, 141 Ky. 155, 132 S. W. 181), and the doctrine of caveat emptor applies with full vigor to judicial sales (Beale v. Stroud, 191 Ky. 755, 231 S. W. 522), a commissioner's deed divests title as effectively as could the deed of the owner himself (Wiser v. Shacklett, 208 Ky. 317, 270 S. W. 754). Although there is no warranty of title in a commissioner's deed, the judicial sale of land embraces and passes to the purchaser the benefits of a previous warranty of title to it which was of such a character as would run with the land. Beale v. Stroud, supra.

There is no more reason to question the efficacy of a commissioner's deed than any other. Of course, it may be shown the judicial proceedings are void just as it may be shown that an individual grantor was without power to execute a deed. But that is not shown here. The record does not disclose either a deficient or missing link in the chain of title. It is only shown that the original papers in a judicial proceeding affecting the title has been misplaced, with the suggestion these might disclose such weakness or omission—a cloud based on a supposition only. The allegation that the vendee fears an attack upon the title to the property by some unnamed infant having an interest in the Scott suit is an altogether different thing than an allegation and proof of defective title, or

an invalid judgment, and furnishes no basis for rescission or repudiation of the contract. McCrocklin v. O'Donaghue, etc., 159 Ky. 564, 167 S. W. 901. There must be reasonable grounds to apprehend trouble or a successful attack on the validity of the commissioner's deed, and, in the absence of those grounds, the court will enforce specific performance of contracts founded upon such deed. Senning v. Bush, 62 S. W. 489, 63 S. W. 284, 23 Ky. Law Rep. 65.

Although appellant's counsel say this is not a collateral attack on the Scott judgment, it certainly bears the earmarks of such; and it is well established that, in a collateral proceeding where the record shows jurisdictional facts, such verity is imparted to the judgment as to make it conclusive until reversed in some direct proceeding. Miracle v. Purcifull, 178 Ky. 212, 198 S. W. 753. Moreover, it will be conclusively presumed that a judgment is regular and valid, unless the record affirmatively shows it to be otherwise. Dennis v. Alves, 132 Ky. 345, 113 S. W. 483. Even though the judgment were shown to be erroneous, or voidable, it appearing the court had jurisdiction of the parties and the subject-matter, the title of Metcalf and his vendees could not be in any way affected (Crume v. Sherman, 185 Ky. 376, 215 S. W. 196), for the status of a purchaser at decretal sale and his privies is that of bona fide purchasers.

The mere misplacement of the papers in the Scott case cannot affect the integrity of the judgment and other entries in the permanent records of the court. When a judgment is entered, the pleadings, exhibits, and memorials of the proof become only evidential and historical, and it will be presumed they support the record. Considerations of public policy require that purchasers at judicial sales be protected in their ownership, and that faith in the integrity of such sales be established and maintained by attributing absolute verity to the decree and other court records. Under the circumstances of this case, nothing short of an affirmative showing that the proceedings in the former suit were in fact void could relieve the appellant from complying with his contract. In the absence of such disclosure, the court would have been justified in conclusively presuming their validity. Bamberger v. Green, 146 Ky. 258, 142 S. W. 384. Such rule was applied in Amos v. Massey, 140 Ky. 54, 130 S.

W. 950, where records in a suit had been lost. With the record in the Scott suit supplied and the regularity of the commissioner's deed to Metcalf established, manifestly the lower court properly adjudged the title to be good.

Even had this record not been so supplied and the suggested possibility continued to exist, the chancellor, on equitable principles, and in the exercise of the discretion vested in him, might well have enjoind the specific performance of the contract. The existence of a bare possibility of a defect in the chain of title is not sufficient to relieve a purchaser. 36 Cyc. 633. In the case of Duncan v. Glore, 189 Ky. 132, 224 S. W. 678, it appeared that some years before there had been a suit involving the same land, and a missing heir who had an interest in the property was not made a party. It further appeared that this heir had not been heard of for many years, and that the facts were sufficient to create the presumption of her death. Accordingly it was held by the court:

> "Although a purchaser of land cannot be compelled to take a doubtful title, he will not be permitted to object to a title on account of a bare possibility that it will prove defective. Elliott on Contracts, vol. 3, sec. 2332. On the facts presented we find no reason for holding that the deed tendered appellant by appellee will not convey him a good and merchantable title to the land in question."

The judgment is therefore affirmed.