# Newhall v. Mahan, Secretary of State.

# Lewis v. Mahan, Secretary of State, et al.

(Decided Nov. 1, 1932.)

EDWARD C. O'REAR for appellant Lewis.

T. B. McGREGOR and E. C. O'REAR for appellant Newhall.

BAILEY P. WOOTTON, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellees.

OPINION PER CURIAM—Affirming.

The appeals in the above-titled actions are presented for consideration and disposal on the same record. The questions involved in the two are identical. The appellant Newhall, in the first entitled action, seeks to have himself declared the regular Republican nominee for Representative in Congress of the United States of the Fifth District of Kentucky, to be voted for at the election on November 8, 1932, and to require the secretary of state to certify him as such nominee. In the second, William Lewis asks that he be declared the regular nominee of the Republican Party for Representative in the Congress of the United States of the Ninth District of Kentucky, and to require the secretary of state to certify him as such nominee to be voted for at the November, 1932, election. He also asks to have it adjudged that John Marshall Robsion, before

the regular primary on August 6, 1932, had withdrawn his declaration as a candidate for such nomination for this office.

In July, 1932, an action was filed in the Franklin circuit court, the circuit court in which the present actions were instituted, by J. Gregory Bruce, against Sara W. Mahan, secretary of state; another was filed by Sara W. Mahan, secretary of state, against R. S. Mason and fifty-three others, all of whom were announced candidates for Congress, including the appellants in the present actions; the third proceeding was filed by Charles H. Morris against Sara W. Mahan, secretary of state. The three were, by an appropriate order of the court, consolidated and heard and tried as one action. The relief sought by Sara W. Mahan, secretary of state, "was a declaration of the law of the rights of the Democratic and Republican nominees to the office of Representative in Congress, to be voted for as nominees and candidates for their respective parties for such office on the 8th day of Noevmber 1932," and her duties in respect thereto.

In his action, J. Gregory Bruce asked that the secretary of state issue to him and to those for whom he sued "a certificate of nomination for candidate of Representative in Congress from the State at Large," and, further, "to direct her at the proper time to certify to each and every county clerk of the Commonwealth of Kentucky, himself and the other nominees as such candidates to be placed, as is provided by law, on the regular ballot at the general election to be held in each county of this State on November 8, 1932, under the respective party devices and devices of the respective parties as indicated in the respective notifications and declarations."

Charles H. Morris, for himself only, sought the identical relief asked for him by J. Gregory Bruce.

The final judgment entered in these consolidated cases recites "that all party defendants are properly before the court, either by summons duly served, or by entry of appearance in person or by counsel."

The recitation of the judgment showing that the appellants were before the court by the service of process or by voluntarily entering their appearance imports absolute verity, Siler v. Carpenter, Jr., 155 Ky.

640, 160 S. W. 186; Miracle v. Purciful, 178 Ky. 212, 198 S. W. 753, and is conclusive, except in a direct attack of the judgment under sections 340, 414, and 518, Civil Code of Practice. Baker v. Baker, Eccles & Co., 162 Ky. 683, 173 S. W. 109, L. R. A. 1917C, 171; Harrod v. Harrod, 167 Ky. 308, 180 S. W. 797; Taylor v. Asher, 183 Ky. 563, 209 S. W. 533; Crider v. Sutherland, 186 Ky. 7, 216 S. W. 57; Johnson v. Carroll, 190 Ky. 689, 228 S. W. 412; Dye Brothers v. Butler, 209 Ky. 199, 272 S. W. 426; Wolverton v. Baynhan, 226 Ky. 214, 10 S. W. (2d) 837; Mussman v. Pepples, 232 Ky. 254, 22 S. W. (2d) 605.

The final judgment holding the Congressional Redistricting Act of 1932 (Ky. Stats., sec. 418a, Carroll 1932 Supp.) invalid determined the respective rights of the parties to the consolidated actions, as well as the duties of the secretary of state in regard thereto. That part of the judgment holding the Redistricting Act invalid is interposed as a bar to the appellants' rights to prosecute their respective actions. Many questions are presented by the pleadings and in the argument, but it is unnecessary to consider or dispose of any other question than the plea of res judicata. It is an ancient and universal rule that a final judgment, rendered on the merits by a court having jurisdiction of the subject-matter and parties, is conclusive on the rights of the parties and their privies in another suit on the points and matters in issue in the first. Prewitt v. Wilborn, 184 Ky. 638, 212 S. W. 422. It is an estoppel not only upon the points which the court was actually required by the parties to form an opinion and pronounce judgment, but to every point which properly belonged to the subject being litigated and which the parties by reasonable diligence might have brought forward. Francis v. Wood, 81 Ky. 16; Honaker v. Cecil, 84 Ky. 202, 1 S. W. 392, 8 Ky. Law Rep. 188; Moran v. Vicroy, 117 Ky. 195, 77 S. W. 668, 25 Ky. Law Rep. 1305; Klenke v. Noonan, 118 Ky. 436, 81 S. W. 241, 26 Ky. Law Rep. 305; Elswick v. Matney, 132 Ky. 294, 116 S. W. 718, 136 Am. St. Rep. 180; Jefferson, Noyes & Brown v. Westtern National Bank, 144 Ky. 62, 138 S. W. 308; Wren v. Cooksey, 155 Ky. 620, 159 S. W. 1167; Perry v. Eagle Coal Co., 170 Ky. 824, 186 S. W. 875; Bassett v. Bassett, 179 Ky. 567, 200 S. W. 915. No rule is better established or more familiar than the one that a judgment is conclusive in a second action between the same

parties, involving in whole or in part, the same cause of action as to all matters which were or might have been determined in the first action. Moore v. Shiffett, 208 Ky. 461, 271 S. W. 551; Parks v. Parks, 209 Ky. 127, 272 S. W. 419; Carroll v. Fullerton, 215 Ky. 558, 286 S. W. 847; Parker v. White, 223 Ky. 561, 4 S. W. (2d) 380; Wells v. Cornish, 237 Ky. 236, 35 S. W. (2d) 308.

The rule of res judicata means that, where a question is once litigated and determined by judgment of court of competent jurisdiction, no question that was therein litigated or could have been litigated can thereafter be relitigated by the same parties or their privies. Cumberland Pipe Line Co. v. Spears, 208 Ky. 492, 271 S. W. 581; Turner v. Deaton, 220 Ky. 154, 294 S. W. 1063, and cases cited.

It is true that new questions are presented in the present actions, or questions which were not presented in the consolidated actions, but this fact does not prevent the operation of the rule of res judicata; nor avert the effect of the plea of estoppel by the judgment by setting up in their petitions additional or new grounds of relief as a part of their separate causes of action.

Also all other declared candidates for the offices involved to be voted for at the election on the 8th of November are interested in and both necessary and proper parties to an adjudication herein and of the rights and duties of the secretary of state in the premises. The appellants cannot escape the consequence of the plea of res judicata by failing to make them such parties to their respective actions.

The invalidity of the 1932 Redistricting Act was the predominant issue determined by the judgment of the court in the three consolidated actions, and, whether the judgment is right or wrong, or based on sound or unsound reasons, so long as it remains in force, or not vacated, set aside, or reversed, it is binding and conclusive, not only on the secretary of state, but on all the parties thereto, including the appellants.

In the argument of counsel, it was suggested that an appeal had been taken and was now pending in this court in the three consolidated actions. It was also suggested that the appeal therein should be disposed of immediately in connection with the appeals in the pres-

ent actions. The record discloses that Sara Mahan as secretary of state has appealed from the judgment in the three consolidated actions. J. Gregory Bruce is the only appellee designated in the statement showing the parties to the appeal. An examination of the judgment from which the appeal was taken, and which is interposed as an estoppel in the present actions, discloses that neither of the appellants objected to the judgment rendered or requested on appeal. Neither of them is an appellant or appellee to the appeal of the secretary of state; nor has either one of them prosecuted an appeal from the judgment. Therefore they are in no position to enter a motion in that case.

The judgments are affirmed.

Whole court sitting, except Willis, J., who was not present.