### Russell v. Mahan, Secretary of State.

(Decided November 4, 1932.)

ALFRED SELLIGMAN and JOSEPH B. EVERHART for appellant.

BAILEY P. WOOTTON, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Appellant, Frank B. Russell, seeks the same relief in this case against Sara W. Mahan, secretary of state, that was sought by plaintiffs and appellants, Lewis and Newhall, in their actions, filed by them in the same court, and which is, to require defendant and appellee to certify his name as the Republican nominee for Representative in the Lower House of Congress from the Third Congressional District, under the Apportionment Act of the Legislature of 1932, and which is chapter 145, page 675, of the Session Acts of that year.

The trial court denied the relief sought by Lewis and Newhall in their cases, and they appealed to this court, and we affirmed the judgments therein on November 1, 1932, the style of the appeals being J. Lincoln Newhall v. Sara W. Mahan, Secretary of State (William Lewis v. Mahan) 245 Ky. 626, 54 S. W. (2d) 26. There are no additional grounds urged by plaintiff in this case to sustain the prayer of his petition than was presented by the petitions of Newhall and Lewis.

Upon the hearing of this appeal, we are not convinced of any error committed in our opinion affirming those judgments, and for which reason alone the judgment appealed from should be affirmed. The grounds furnishing the reason for the opinion in those two cases may be found by consulting it; the time being too brief to incorporate them in this opinion.

However, we feel justified in calling attention to an additional ground which the opinion in those cases did not refer to, and which is: That the nearness of the general election, rendering it impossible to recall the already printed ballots and to substitute them with others to be hereafter printed, creates such on overwhelming emergency as to authorize the court to decline to disturb the status quo. That time is now three days shorter than it was when the Lewis and Newhall opinion was rendered, and we are convinced that it would be impossible to prepare for and set up the necessary machinery to conduct congressional elections in this

commonwealth by districts, or any other election, within time to allow the voters to exercise their suffrage at the election, which is only three days from now and on which day the election must mandatorily be held.

As hereinbefore stated, practically all the ballots for the respective counties have been printed at great cost to the state, as well as to the counties. Not only would that loss be entailed by sustaining the prayer of plaintiff's petition, but, as pointed out, it would also result in depriving the voters of any sort of opportunity to vote for their Representatives in the Lower House of the next Congress, or for any other officer, and which condition, we conclude, furnishes an additional reason, supported by the exigencies of the case, why the judgment appealed from should not be disturbed.

Wherefore the judgment is affirmed.