CASE 47—EQUITY—APRIL 27, 1882.

# Littell v. Wallace, &c.

### APPEAL FROM CHRISTIAN CIRCUIT COURT.

Decedent devised "to the trustees of the Presbyterian Church in Hop-
kinsville, and to their successors, in fee-simple, a lot of ground with
buildings, &c., . . . to be used and enjoyed by said church and
their minister as a parsonage."

An act of the General Assembly authorized the trustees, with the ap-
proval of the congregation, to sell or exchange the property.

1. *Held*—that, with the approval of the congregation, the trustees could
convey the title in fee-simple.

2. The conveyance could not have been made without the legislative act.

PETRIE & LITTELL FOR APPELLANT.

We suggest that another construction of decedent's will is, that the latter
part constitutes an irrevocable limitation of the use of the property
devised, an abandonment of which would operate as a forfeiture of
the interests of the devisees.

JOHN FELAND FOR APPELLEES.

1. The general rule is, that if lands are given to a corporation for char-
itable uses, which the donor contemplates shall last forever, the heir
can never have the land unless it be impracticable to execute the
charity.

2. Appellees, under the will and the aid of the legislative act, with the
consent of the congregation, had the power to convey. (Story's Eq.,
sec. 1178; Gen. Stat., chap. 13, sec. 4; 5 Wallace, 134; 119 Mass., 1.)

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

In the year 1844 Mrs. Susan Preston made and published
her last will and testament, by the second clause of which
she devised "to the trustees of the Presbyterian Church in
Hopkinsville, and to their successors forever, in fee-simple,"
a house and lot, "with the buildings, hereditaments, and
appurtenances thereto attached and appertaining, . . . to
be used, occupied, and enjoyed by the church aforesaid and
their minister as a parsonage."

The legislature, in the year 1878, passed an act incorporating the trustees of said church, by which power and authority is conferred upon the trustees, upon the advice and consent of the congregation of said church, "to exchange or sell and convey the house and lot" in question.

The requisite consent and advice of the congregation to the sale of the house and lot was given, and the sale was made by the trustees to the appellant, who refused to accept the deed, regular in form, and acknowledged according to law, because he doubted the ability of the trustees to convey to him a fee-simple title, for which he contracted with them.

This was a friendly suit to settle the question. The appellant signifies his willingness to accept the deed and pay for the property if it invests him with an absolute title. The court below adjudged that the deed was sufficient for that purpose, and so we adjudge.

It is clear, from the provisions of the will, that the testatrix intended to invest the trustees of the church with a fee-simple title to the property, for the uses and purposes expressed by her, and the will creates a valid trust, capable of being executed by the trustees and their successors, whom she designated for that purpose.

The trustees and church are still in existence, capable of managing and enjoying the property devised in the mode specified by the testatrix, and certainly no reason can exist for a forfeiture in this case, and no reversion was ever contemplated by her, as she made the devise in fee-simple, subject to no condition or limitation, save as to the use of the property, the trustees being in duty bound, keeping in view in good faith the object of the testatrix as expressed in the will, so to administer the trust as, considering the condition

Littell v. Wallace, &c.

of the property, and the circumstances and interests of the congregation, will best subserve the beneficent purposes of the testatrix.

The testatrix did not contemplate that the particular house and lot should be used forever as a parsonage, without regard to decay or inconvenience, her main object being to furnish a parsonage, to be used and enjoyed by the members of the church and their minister. We are of opinion that a sale and reinvestment of the proceeds in other property, to be devoted to similar uses, will carry out her intention and purpose as expressed in the will; and this power of sale, aside from the legislative authority, is essential to the execution of such a trust, as the decay, unfitness, or inconvenience of the house as a parsonage, might ultimately defeat the intention of the testatrix, if a sale could not be made.

The sale of the property so devised cannot be made as a matter of course; but in cases of this class, when the legislature has given the authority to trustees to sell and convey, by and with the advice and consent of the beneficiaries, such advice and consent, when regularly given, as in this case, are sufficient to ascertain the propriety of the sale. (Stanley v. Colt, 5 Wallace, 119; Old South Society v. Crocker, 119 Mass.)

Wherefore, the judgment is affirmed.