## Tate, et al. v. Woodyard.

(Decided November 29, 1911.)

### Appeal from Rockcastle Circuit Court.

1. Charitable Trust.—Where the owner of land conveyed it to the Master of a Masonic Lodge for the purpose of a lodge room, Baptist church and a graveyard, the deed created a valid trust for char-

itable purposes, certainly in so far as it provided for a church and a graveyard, and the successive Masters of the lodge held the property in trust, and could not sell any part of it in violation of the trust.

2. Trust—Right to Sue.—Where a trust for charitable purposes has been created, the grantor, or any beneficiary, having an interest in the subject of the gift, has the right to enforce, by legal proceedings, a faithful execution of the beneficent objects of the founder of the charity.

3. Trust Property—Sale of.—Property held in trust for a charitable purpose under a deed which does not contain a power of sale, can only be sold under section 324 of the Kentucky Statutes for re-investment in other property, under the same conditions and for like purposes.

C. C. WILLIAMS for appellants.

L. W. BETHURUM, JOHN W. BROWN and J. W. ALCORN for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

By deed dated April 16th, 1877, the appellee, John E. Woodyard, conveyed to "James G. Carter, Master of Broadhead Lodge No. 566 of Free and Accepted Masons, and to his successors in office," a tract of 1 and 75-100 acres of land in the town of Broadhead for the "purpose of a lodge room and Baptist Church and a graveyard." The deed recited a consideration of one dollar, but the transaction was, in fact, a gift. The gift was accepted by the lodge and a building was erected on the lot, the first story being used as a church or meeting house of the Baptist Church, and the upper story as a lodge room. Shortly thereafter a graveyard was established nearby, and has ever since been maintained on the lot. On June 18, 1907, John Robbins, the then Master of the Lodge, for a consideration of $100, sold and conveyed a portion of the lot to Granville Owens, in fee simple; and Owens, in turn, conveyed what he had bought to the appellant, Tate, in fee simple. Tate entered into possession of the lot, and was preparing to erect a building on it when Woodyard brought this action seeking: (1) to have it adjudged that the property claimed by Tate had reverted to Woodyard, and that the deed from Robbins to Owens, and the sale from Owens to Tate be cancelled, and set aside; and, (2) if that could not be done, that it be adjudged that neither Owens nor Tate had any right, title, or interest in said parcel of land. He also prayed that

Tate be enjoined and restrained from claiming or exercising any act of ownership over any of said land.

The circuit judge granted the second prayer of the petition, and adjudged that the deed from Robbins to Owens was and is null and void; that the attempted sale by Owens to Tate was null and void, and that neither Owens nor Tate acquired any right, title or interest in the land thereunder. The judgment went further and cancelled the deed from Robbins to Owens, and enjoined both Owens and Tate from occupying or exercising any act of ownership over any part of said parcel of land. The effect of the judgment was to uphold the trust. From that judgment Tate, Owens and the Lodge prosecute this appeal.

The deed from Woodyard certainly created a valid trust for charitable purposes, of the kind described in Section 317 of the Kentucky Statutes, being a part of Chapter 17 relating to "Charitable Uses and Religious Societies," in so far as it provided for a church and a graveyard, and there having been no failure of these charitable objects, there could have been no reversion of the property to the grantor. Moreover, the grantor, or any beneficiary, having an interest in the subject of the gift, had the right to enforce, by legal proceedings, a faithful execution of the beneficent objects of the founder of the charity. Chambers v. Baptist Education Society, 1 B. M., 220; Baptist Church v. Presbyterian Church, 18 B. M., 641.

The successive Masters of the Lodge held the property in trust and could not sell any part of it in violation of the trust. So long as the charity continues the only object in selling its property would be for a reinvestment of the proceeds in similar property, and for the same uses, trusts and purposes. Section 324 of Chapter 17 above referred to, provides for the sale of property held for charitable purposes, for reinvestment, in the following terms:

"It shall be competent for the circuit court of the county in which the real estate is held in the manner mentioned in this chapter is situate, to adjudge a sale of the same for the purpose of reinvestment in similar property in the same county, and for the same uses, trusts and purposes; but such judgment shall only be rendered upon petition in equity made by the proper parties, setting forth the reasons why such sale would be proper and equitable, which may be controverted; and when it shall

also appear that such sale will not violate any reserved rights or qualifications expressed in the dedication or grant."

The deed from Woodyard to the Lodge merely vested the title to the land in the Lodge for the purposes above indicated; and as it contained no power of sale, a sale thereof could only be effected under the Statute. Littell v. Wallace, 80 Ky., 252.

Under these facts Robbins, as Master of the Lodge, had no power to make the sale to Owens, which was, to that extent, a diversion of the trust property. The conveyances by Robbins to Owens and from Owens to Tate were nullities, and Tate cannot complain of the judgment which declared them to be so.

The judgment of the circuit court is affirmed.