## City of Louisville v. Mutual Life Insurance Co., of Kentucky.

(Decided February 23, 1912.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

Streets—Dedication—Mortgage Lien—Sale From Plat—Purchase by Mortgagee—Resale—Acceptance—Estoppel.—Where the owner of land mortgages property for more than its value and dies, and his executrix files of record a plat of the land, showing certain streets thereon, but dedicating only one of them and reserving the others, but five years later, in a proceeding to enforce the mortgage lien, the map used by the commissioner, corresponds with the plat of record except as to the streets reserved, and only that portion of the property designated as lots is sold, and that portion designated as streets is omitted from the judgment, and the mortgagee purchases the lots and afterwards resells many of them, and fails for ten years to assert any interest in or claim to one of the tracts appearing on the map as a street, such conduct on the part of the mortgagee constitutes a dedication. In such a case the city wherein the land is located may accept the dedication at any time, and the mortgagee is estopped as against the city and the other lot owners to say that the ground is not a street.

HOUSTON QUINN and CLAYTON B. BLAKEY for appellant.

JOHN HUNT STITES, BENJ. S. WASHER, VAN WINKLE, SPALDING & GILMORE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

A number of years ago, William Mix, now deceased, was the owner of a large tract of land, which he pur-

chased as acreage, and mortgaged as acreage to the
Mutual Life Insurance Company, of Kentucky, to se-
cure a loan, which, at the time of the judgment herein-
after referred to, amounted to $48,121.30. William Mix
died testate in 1894, and Alice D. Mix, his wife, qualified
as his executrix. In August, 1895, Alice D. Mix, as exe-
cutrix, filed a plat of the "Mix Addition" in the office
of the Clerk of the Jefferson County Court. Accom-
panying the plat and recorded with it, is the following
dedication clause:

"I, Alice D. Mix, executrix of William Mix, deceased,
do make and acknowledge this plat of the "Mix Ad-
dition," and do hereby dedicate to public use only the
following named streets and alleys and no further, to-
wit: Davies avenue as herein laid off from the Oakland
Plank Road, or Seventh street extended, to a point 588.1
feet southeastwardly from said Seventh street extended,
also the 15 foot alley running at right angles to Davies
avenue from its intersection with the same, to the 20
foot alley on the eastwardly side of the tract, and be-
tween blocks 2 and 6, and do hereby confirm the dedica-
tion of the 20 foot alley extending along the eastwardly
line of the tract from its intersection with Seventh
street extended, to a point 598.3 feet southeast of said
Seventh street extended, heretofore dedicated by John
Jarvis in his plat of "Jarvis Addition."

"Witness my hand this 6th day of August, 1895.

"ALICE D. MIX, Executrix,
"of WM. MIX."

In 1896 this action was instituted for the purpose
of settling the estate of William Mix. To this action the
mortgagee, Mutual Life Insurance Co. of Kentucky, was
made a party, and filed an answer and cross petition
setting up its lien. It was made to appear that the prop-
erty could be sold more advantageously as lots than as
acreage. Judgment was prepared, decreeing a sale of
the property by lot and block number. The map used
by the commissioner showed the streets and alleys in the
sub-division without any reference to the partial dedica-
tion by the executrix. At this sale which took place in
the year 1900, nearly all the lots were purchased by the
mortgagee. The property did not bring enough to pay
the mortgage debt.

On February 8th, 1910, the Mutual Life Insurance
Co. of Kentucky, filed a second cross petition, answer
and counterclaim, alleging that by mistake a certain part

of the mortgaged property was omitted from the judgment, and asking that it be adjudged a lien on this tract and that it be sold to pay the balance of the mortgage debt. This tract appears on the map as a street extending from the Louisville & Nashville Railroad to Davies avenue, but it is not named as a street, on the plat of record. When judgment was had, no lien was adjudged on this tract. To this second cross petition, the city of Louisville was made a party defendant, upon the allegation that it was claiming some interest in the tract in controversy. It filed an answer in two paragraphs. In the first paragraph it denied that the tract in controversy was omitted from the judgment by mistake and without the knowledge of the insurance company. The second paragraph is as follows:

"Further answering herein the defendant, city of Louisville, states that by a plat recorded in Deed Book 450, page 636, Mrs. Alice Mix, as executrix of the estate of William Mix, created out of a large tract of land under mortgage to the Mutual Life Insurance Company, of Kentucky, a subdivision entitled 'Mix Addition;' that said subdivision contains streets and alleys and lots designated by lot and block numbers; that said sub-division at the time same was recorded dedicated to public use only certain portion of said streets and certain alleys, and that the tract of land now sought to be subjected to the alleged lien of the Mutual Life Insurance Company of Kentucky, appeared on said map as a street, but that same was not named, nor was same expressly dedicated to public use at that time.

"Defendant further states that thereafter and before the entry of the judgment hereinafter mentioned, by proper pleading in this action, it was made to appear to this court that said tract of land sought to be sold under said mortgage lien could best be sold according to the description of said deed of subdivision, and that when the judgment of February 13, 1900, mentioned in the second cross-petition herein was entered, said judgment was prepared by the attorneys for said Mutual Life Insurance Company, of Kentucky, and said judgment decreed the sale of all of said tract of land by lot and block numbers as indicated on said deed of subdivision; that such sale was made in accordance with said judgment, and all of said property, with the exception of the two lots, was purchased by said Mutual Life Insurance Company, of Kentucky, and said sale was duly confirmed.

"Defendant further states that the map used by the commissioner of this court in making said sale, which said map is filed with said report of the commissioner, was a map showing said entire subdivision and indicating streets and alleys thereon, including not only those portions of streets which were expressly dedicated, but the remainder of said streets, and such additional streets and alleys as appeared on said plat, even though same had not been expressly dedicated in said deed of subdivision and dedication; that said map indicated the lots thereon in green colors, and the streets and alleys thereon were indicated in white, and the strip of land now sought to be subject to cross petitioner's alleged lien was indicated in white.

"Defendant further states that since said sale to said Mutual Insurance Company, of Kentucky, said Mutual Life Insurance Company, and its successor, the Illinois Life Insurance Company, have sold various and sundry lots in said subdivision, all of the same being sold by lot and block number in accordance with said map, including lots both east and west of the tract of land now sought to be subjected to cross petitioner's lien.

"Defendant further states that said tract of land has been treated by this defendant for a number of years as a street duly offered for dedication to this defendant; that the same is necessary to provide ingress and egress to the inhabitants of this defendant living in the vicinity thereof, and that this defendant in its own right and for the benefit of the grantees of the said Mutual Life Insurance Company, of Kentucky, and the Illinois Life Insurance Company, claims said land for public purposes.

"WHEREFORE, having fully answered herein, defendant prays that cross petitioner's second cross petition be dismissed; that as between the parties to this action, this defendant's title to said strip of land be quieted, and defendant prays for its costs herein expended, and for all other proper and equitable relief."

To the foregoing paragraph a demurrer was sustained, and the city of Louisville having declined to plead further, its answer was dismissed, and it appeals.

For appellee it is insisted that the land in controversy was specially reserved from dedication in the plat which Mrs. Mix, as executrix, had recorded, and that no intention to dedicate can be implied in the face of a written intention to the contrary. This controversy, however, does not depend on the intention of the executrix.

The matter was closed so far as she was concerned by the judgment and the fact that the proceeds of the sale were not sufficient to pay the mortgage debt. Neither she nor her children are now asserting any interest in controversy. The question is, what did appellee intend? Upon the map used by the commissioner, the lots were designated in green, while the streets were designated in white. From an examination of the map, it is just as plain that the tract in controversy was intended as a street as it is that Davies avenue was intended as a street. Appellee was represented by attorneys. It is bound by their acts. The property was sold according to the map, not only without any reservation of the land as a street, but with the land shown to be a street omitted from the judgment. Under the judgment appellee bought all the lots except two. It has since sold a number of lots on the east and west side of the tract in controversy. While the lots may have been sold by lot and block number, as indicated on the recorded plat, yet that plat indicated only the intention of Mrs. Mix es executrix. As said before, it is not conclusive of the intention of appellee. Any purchaser would be put on notice as to what the record of this proceeding reveals. In consulting the map of the commissioner, he would find nothing in it to indicate that the tract in controversy was withheld from dedication. On the contrary he would find it indicated on the map as a street. He would see that it was not sold, but that it was regarded as a street. Of course, in every case of dedication, there must be the intent to appropriate the land to the public use. The intent in this case is made manifest by the map which was used and the judgment predicated thereon, and appellee's silence and failure for ten years to assert any interest in the property. Where a party's acts are sufficient to constitute a dedication of a street, he will not be heard ten years thereafter to say that his act showing an intention to dedicate was the result of a mistake.

But it is insisted that the tract in controversy is not a street because it has never been accepted by the city. It is the rule, however, in a case like this that the city may accept whenever it gets ready, and in the meantime the party dedicating is estopped not only as against the other lot owners but as against the city to say that the ground is not a street (City of Covington v. Hall, &c., 30 Ky. Law Rep., 356; 98 S. W., 317.) It follows that the

demurrer to the second paragraph of the city's answer should have been overruled.

Upon the return of the case, and before judgment, the city will be permitted to amend its answer so as to have the caption show that it is an answer and counterclaim, as provided by section 97, subsection 4, Civil Code.

Judgment reversed and cause remanded for proceedings consistent with this opinion.