## Union Sunday School of Moreland, By Committee v. Trustees Christian Church of Moreland.

(Decided October 18, 1916.)

### Appeal from Lincoln Circuit Court.

1. Religious Societies—Charities.—An unincorporated religious or charitable organization, such as is described in chapter 17, Kentucky Statutes, which has never organized or elected trustees under that chapter, but which holds its property under the provisions of the original grant or devise, is not acting under the terms of that statute.

2. Religious Societies—Conveyances by Members—Ratification.—A conveyance by the trustees of an unincorporated religious or charitable institution which has not organized under the statute, after unanimous action by the members of the organization authorizing the conveyance and which is subsequently unanimously ratified by the members, is valid.

J. W. HARLAND and HENRY JACKSON for appellant.

J. B. PAXTON and K. S. ALCORN for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

In April, 1893, William F. Butler for a valuable consideration conveyed a lot in Lincoln County to Gradison F. Smiley and James B. Green as trustees of the Moreland Union Sunday School to be held by them and their

successors forever and the same to be used by the Moreland Union Sunday School.

·Thereafter, by subscription, funds were raised and a building erected on the lot for the use of the Sunday School, and the same continued to be used by the Sunday School until September, 1912, when the then trustees, without authority from a court of equity, conveyed the said house and lot to the trustees of the Christian Church of Moreland, and thereafter the said trustees conveyed the same to the appellee Dinwiddie.

This is an action by the appellant Wigham, acting as a committee appointed by the Union Sunday School, wherein it is sought to have the two conveyances to the Christian Church and to Dinwiddie adjudged to be null and void, and a restoration of the property to the Moreland Union Sunday School.

The trustees of the Christian Church and Dinwiddie filed their joint answer in two paragraphs, the first of which was only a traverse of the plaintiff's petition; but in the second paragraph they allege affirmatively that the lot was purchased from Butler by the trustees of the Moreland Union Sunday School for the purpose of erecting thereon a house to be devoted to the uses of the Union Sunday School of Moreland, and that pursuant to that purpose there was constructed thereon such building; that at the time of the erection of the building it was adequate and sufficient for the requirements of the Sunday School, but that in June, 1912, it was unanimously determined by the members of said Sunday School that the building was then insufficient and inadequate for its purposes and requirements because of the growth of the school. It is further alleged that at a meeting regularly held in the said building in June, 1912, by proceedings duly and regularly had it was unanimously voted by the members of said Sunday School that it was desirable to dispose of said property because it was no longer adequate or sufficient for the needs and requirements of the school, and accordingly at that meeting the trustees were instructed, authorized and empowered to sell the house and lot and to use the proceeds thereof for the purpose of providing a new building and grounds for said school; that pursuant to that authority the trustees, Elizabeth King, Kathryn Coffey and Fannie J. Meyers, conveyed the said property to the trustees of the Christian Church by deed

dated September 20th, 1912. It is further alleged that
this act of the trustees in selling and conveying the prop-
erty was ratified, approved and confirmed by the unan-
imous vote of the members of said Sunday school reg-
ularly held at said meeting house. It is further alleged
that at a regular meeting of the Sunday school held in
the said Sunday school house on the 19th of October,
1913, it was unanimously voted by the members of said
Sunday school that the funds arising from the sale of
said property be contributed toward the erection of the
Christian Church building at Moreland then in process
of construction, and that said Christian Church through
its duly constituted authorities in consideration of such
contribution agreed that its said church building should
be used as a meeting house for the Union Sunday School
of Moreland to the same extent and for like purposes
as was the original meeting house, and that pursuant to
that agreement the proceeds of the sale of the house
and lot were contributed to the erection of said church
building. It is further alleged that because of such ac-
tion and of such agreement and of such contribution the
members of the Union Sunday School now have access
to and meet in the Christian Church of Moreland, which
is a much larger building than the old Sunday School
building; that it is much better equipped for the use of
the Sunday School and that it is for the interest and
welfare of the Sunday school that it meet in such build-
ing instead of the old building; that the true interests
and growth of said Sunday school demanded the sale
of the old property and were promoted by reason of the
rights given to it under the agreement with the Chris-
tian Church, as aforesaid. And that under the terms of
the agreement the members of the Sunday school had
the same rights and privileges to the use of the said
church building as a Sunday school building as they had
in the old building, and the new church building is as
convenient and accessible to the members of the Sun-
day school as was the former building, and that the mem-
bers of the Sunday school, under the contract, had the
right and were entitled to the perpetual use of the church
building for said Sunday school purposes, and that the
said re-investment of the proceeds of the sale of the
old lot and building was for the best interests of the
Union Sunday School and all the members thereof and

that because thereof the trust created by the Butler deed can and will be more effectually carried out.

A demurrer filed by the plaintiff to the second paragraph of the answer was overruled and the plaintiff declining to plead further the petition was dismissed and he has appealed.

The only question necessary to be considered is the correctness of the ruling of the trial court on this demurrer.

It is apparent that the Moreland Union Sunday School is an unincorporated religious organization such as is described and dealt with in Chapter 17, Kentucky Statutes, entitled "Charitable Uses and Religious Societies," and the appellant claims that the two conveyances in question were void because the trustees have not complied with the requirements of Section 324 of the Kentucky Statutes, which is a part of that chapter.

That section reads as follows:

"It shall be competent for the circuit court of the county in which the real estate held in the manner mentioned in this chapter is situate, to adjudge a sale of the same for the purpose of reinvestment in similar property in the same county, and for the same uses, trust and purposes; but such judgment shall only be rendered upon petition in equity made by the proper parties, setting forth the reasons why such sale would be proper and equitable, which may be controverted; and when it shall also appear that such sale will not violate any reserved rights or qualifications or limitations expressed in the dedication or grant."

That contention, however, is based upon the assumption that the Moreland Union Sunday School has organized under, appointed trustees under and is acting under the provisions of that Chapter, when in fact there is nothing in the pleadings from which it may be fairly assumed that the organization in question has ever appointed trustees as authorized by that chapter or has at any time acted under its provisions; there is nothing to show whether the two original trustees named in the Butler deed are dead, have resigned or been removed; and there is nothing to show whether the three trustees acting in 1912 were acting as the heirs at law of either or both of the former trustees, or whether they had been selected or appointed by the organization or its membership. So that the matter must be treated as if the

original trustees appointed by the Butler deed or their heirs are still acting.

Our present Statute on unincorporated charitable uses and trusts is in no essential respects different from the earlier enactments in this State on that subject, although they have been extended and made more comprehensive, and the last act, the one now in question, provides for the manner of dissolution of such societies and for the sale of their property for re-investment.

This Court in the case of Shannon v. Frost, 3 B. M. 253, had under consideration a controversy between two discordant elements in a Baptist Church which involved the use and control of the church. The title to the church property was held by certain trustees named in a conveyance for the use and benefit of the church and at the time of the controversy part of the original trustees were still living and there had never been an organization under the terms of the Statute of 1814, which in all its essential features is the same as our present act. The Court in construing that act held that it never in letter or purpose applied to a church or to the trustees of a church when the church property was still held by the trustees or the heirs of the trustees to whom the title was first conveyed or devised as a charity; or to a church which has not elected trustees as successors of those in whom the legal title of the property was first vested. In other words, that until a charitable organization through its membership elected or appointed trustees and organized under the terms of the Statute, it was an organization independent of and not under the Statute.

The ruling in the Shannon case was subsequently followed and elaborated in the following cases: Hadden v. Chorn, 8 B. M. 78; Berryman v. Reese, 11 B. M. 287; Ransom v. Rogers, 6 K. L. R. 290.

Likewise in Bennett v. Morgan, 112 Ky. 512, these authorities were all reviewed in a case under the present Statute and the doctrine reaffirmed that where the church property is still held by the original trustees or their heirs the Statute has no application. Until there has been an organization effected under the Statute, it is apparent the property is not held "in the manner mentioned in this chapter."

But it is urged for the appellant that the case of Tate v. Woodyard, 145 Ky. 613, is direct and controlling

authority to the effect that section 324, Kentucky Statutes, provides the only manner in which there may be a sale for re-investment of the property of such a charitable or religious organization. It is true in that case the Court, after quoting the Statute, and reciting the fact that the deed there in question to the trustees contained no power of sale, said that a sale thereof could only be effected under the Statute; but it is apparent that in that case the Court did not have in mind the distinction pointed out in the earlier cases between charitable organizations organized under the provisions of the Statute and those which had not so organized but had continued to operate through trustees appointed by the instrument originally creating the trust. Not only so, but it does not appear from the opinion in the Tate case whether there had in fact been in that case an organization under the Statute, and we must assume that the record did show such organization or that clause would not have been in the opinion. Manifestly it was not the purpose of that opinion to change the rule so long established.

As we have seen then that the Moreland Union Sunday School, so far as this record shows, had never organized under the Statute when the conveyance in question was made, but was acting independently of the Statute, there can be no doubt that the conveyance made in accordance with the authority of its whole membership unanimously given, and subsequently unanimously ratified, was a valid conveyance.

Judgment affirmed.