## Roy J. Bishop, Appellant, v. John H. Hungate, Executor, et al., Appellees.

1. ESTATES—*possibility of reverter of charitable bequest to corporation.* There is always a possibility of reverter in case of charitable bequests to corporations.

2. PARTIES—*interest authorizing intervention by third party.* Where a person has such an interest in the subject-matter as would justify his bringing suit to protect it, he may also, for the same purpose, intervene in a suit brought by others.

3. PARTIES—*right of heir to intervene in suit involving estate left in trust for charity.* Where a large estate was left in trust, the income to be used for the support of a free school in a certain

city, the sole heir of the testator had, because of the possibility of reverter, though remote, such an interest as entitled him to intervene in a suit by the executor and the city officials to obtain leave to sell real estate belonging to the estate to pay certain debts, where his petition for leave to intervene alleged that the estate and trust fund had been mismanaged, misappropriated and wrongfully expended, that the executor had paid to himself large sums to which he was not entitled and that the mayor and aldermen of the city had consented to such misappropriations.

Appeal from the Circuit Court of Hancock county; the Hon. ROBERT J. GRIER, Judge, presiding. Heard in this court at the October term, 1920. Reversed and remanded with directions. Opinion filed October 25, 1921.

SCOFIELD, HARTZELL, CALIFF, CAVANAGH & MARTIN and O'HARRAS, WOOD & WALKER, for appellant.

DAVID E. MACK, CLIFFORD W. WARNER and GEORGE W. GOVERT, for appellees.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

This is an appeal by Roy J. Bishop, the grandson and sole surviving heir of Benjamin F. Johnson, deceased, from an order of the circuit court of Hancock county denying him the right to intervene in the case of John H. Hungate, executor, etc., et al. v. C. H. Laybourn et al. The case in which this appeal is taken is the identical case in which the appeal was taken in the case of *Hartzell v. Hungate, ante,* p. 346, the opinion in which case is filed simultaneously with this one. The facts in that case are identical with the facts in this case in all respects, except as to the interest of appellant in the fund involved in the litigation. In the *Hartzell* case the interest of the appellant there was alleged to be that of a taxpayer, while the interest of this appellant is alleged to be that of a contingent remainderman. We refer to the opinion in that case for a statement of the facts and pleadings in this case so far as the same are applicable. The motion of ap-

pellant to intervene as an heir was denied. The petition of appellant for leave to intervene shows that he is the grandson and only surviving heir at law of the testator Johnson and in case of the failure of the trust will inherit the whole trust fund; that the estate and trust fund in question have been mismanaged and the fund misappropriated and wrongfully expended in the payment of large and excessive attorneys' fees; that the said executor has paid himself both as executor and trustee large fees and commissions to which he was not entitled by law, and that the mayor and aldermen of the City of LaHarpe have consented to such misappropriations. Appellant in his petition asks leave to intervene for the protection of said trust fund; for the appointment of a trustee of said fund; for an order directing the said Hungate to turn over to such trustee the entire trust estate without illegal and improper deductions therefrom, and that he be required to make good to the estate all moneys improperly paid out by him either to himself or others and that the court refuse to direct that the said real estate be sold or incumbered, and that the court shall make such other order or orders as shall protect the trust funds and the interest of appellant.

In *Skinner v. Northern Trust Co.*, 288 Ill. 229, the Supreme Court has held that there is always a possibility of a reverter in case of charitable bequests to corporations. There is always the possibility that a beneficiary may actually cease to exist. If that should happen in this matter this trust must fail for want of a taker, and appellant would undoubtedly take the entire estate. *People v. Braucher*, 258 Ill. 604-609; *Miller v. Riddle*, 227 Ill. 53; *Mott v. Danville Seminary*, 129 Ill. 403; *Danville Seminary v. Mott*, 136 Ill. 289. While that contingency is remote, it is sufficient to require that appellant be notified of a proceeding to probate a will or any proceeding affecting the title of that property in order to bind him by an order in that

regard. It is also sufficient to give him a right to appeal from an order denying the probate of a will. *Chandler v. Fisher,* 285 Ill. 57. It is also sufficient to warrant him in bringing a bill in chancery to compel the performance of the condition upon which the trust was created by the ancestor. *Green v. Old People's Home of Chicago,* 269 Ill. 134-144; *Chase v. Dickey,* 212 Mass. 555; *Mills v. Davison,* 54 N. J. Eq. 659; *Associate Alumni v. General Theological Seminary,* 163 N. Y. 417; *Chambers v. Baptist Education Society,* 1 B. Mon. (40 Ky.) 215; *Tate v. Woodyard,* 145 Ky. 613. There can be no doubt that where a person has such an interest in the subject-matter as would justify his bringing suit to protect it, he may also for the same purpose intervene in a suit begun by others.

We are not in this case called upon to determine and are not attempting to determine the merits of any contentions that may be made under issues that may be formed on the petition of appellant to intervene. All we do determine here is that he has shown himself to have a right to intervene and be heard on the matters presented by the bill in this case and his petition for intervention.

As to whether the order denying appellant's motion for leave to intervene is a final order and as to whether appellant had a right to appeal, what we said in *Hartzell v. Hungate,* heretofore referred to, applies here with equal force.

The order of the circuit court denying appellant leave to intervene is reversed and the cause is remanded to that court with directions to allow his motion in that behalf.

*Reversed and remanded with directions.*