## Bogard, et al., Trustees v. Boone, et al., Trustees.

### (Decided October 23, 1923.)

### Appeal from McCracken Circuit Court.

1. Religious Societies—Persons Recognized by Highest Ecclesiastical Court as Being Congregation so Treated by Courts as Respects Property on Division.—Where there is a division of a congregation having a judicatory of final revisory power with the right to appeal thereto, civil courts will give the property to those persons of the congregation who are recognized by the highest ecclesiastical court as being the congregation, though they constitute a minority; the rules of the church being supreme in such matters.

2. Religious Societies—Majority of Those Attending Meeting Had Right to Direct Trustees to Buy or Sell Property.—As the Baptist Church has a congregational form of government, with no judicatory to which disputes may be carried the majority of the members have a right to direct the trustees to buy or sell property in accordance with the needs of the congregation, and, where notice of meeting of the membership is given in the usual and ordinary way provided by the rules of the church the members who gather in response to such notice and call represent the entire congregation, and a majority of those present may finally settle the question.

3. Arbitration and Award—Award Binding as Far as Embraced Within Scope of Articles.—An award is as binding and efficacious within the scope of the articles of arbitration as a judgment of a regularly constituted civil court, and an award which goes beyond the submission and decides matters not embraced in it is void

only as to the excess, and valid as to all other matters properly before the court.

C. C. GRASSHAM, L. B. ALEXANDER and W. A. MIDDLETON for appellants.

MOCQUOT, BERRY & REED for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

Both appellees and appellants claimed to be the regularly constituted, qualified and acting trustees of Mt. Zion Baptist church, colored, of Paducah, and each disputes the right of the other to hold or exercise the duties of the said offices. Some time in September, 1919, the congregation, after due notice, passed and adopted by a majority vote of the congregation a resolution to the effect that the trustees of the church be authorized to purchase a named brick building on which the church had an option, at the corner of 11th and Husband streets, in Paducah, at the price of $3,000.00, and in pursuance to this resolution the trustees of the church did purchase for the church and have conveyed to them as trustees for and on behalf of the church the designated brick building on the corner mentioned. Soon thereafter the congregation took charge of the brick building as its church edifice and began to hold its services there. At the time of the passage of the resolution the congregation, through its trustees, had title to a lot and frame building on a nearby corner, called in this record the old church. This building was in bad repair and perhaps too small. It was the purpose of the church to sell the old lot and building and invest the proceeds in the new, and such a resolution was passed by the congregation. After worshiping for a short time in the new edifice, part of the congregation, including the three trustees of Mt. Zion church, returned to the old building and began to claim it to be the true Mt. Zion Baptist church and to hold services there in that name and by that authority, and to treat those who continued to worship in the new edifice as deserters. The majority of the congregation, as we read the evidence, continued to worship at the brick edifice. The congregation at the new place, conceiving that the old trustees had resigned, elected the appellees as trustees. After attempting to induce the deserters to return to the brick church that congregation passed a resolution withdrawing the hands of fellowship from those who pre-

sumed to worship in the old church building under the title Mt. Zion Baptist church. Those worshiping in the old building finally organized under the name of St. John's Baptist church. There was much confusion, contention and animosity between the factions. While this was at its worst an agreement was entered into between the rival factions in the church by which the whole matter was submitted to arbitration, and articles to that effect were drafted and duly executed by the acting trustees of the rival factions. By these articles it was provided that the following questions should be determined by the arbitrators and "each faction hereby binds and obligates itself to abide by and be guided by the finding of the said board."

The first question: "Who are the duly elected, qualified and acting trustees of said church? as well as the second, "Which faction constitutes and represents the Mt. Zion Baptist church?" were not directly answered by the board of arbitration in its award, but the third question, "and decide which faction is entitled to the custody, control, possession and ownership of said frame church building; and decide what disposition shall be made of said building, including the real estate and church furnishings in said building," was determined by the board in the following way, as shown by its report and recommendation: "That in case the two factions cannot agree to enter into one fellowship, as formerly, that each faction take a new name and that the old church property be sold, and each faction agreeing to the sale, and the trustees of each faction be authorized to sign the deed to the property and the proceeds be divided equally," and this report was duly signed by all seven members of the board of arbitration, and a copy furnished to each faction of the church. Appellants declined to abide by the award for several assigned reasons, among them being that the board of arbitrators did not decide the two first questions, which appellants insist were the basis of the answer to and decision of the third question.

The controversy between the two factions was finally carried to the district association of the church, where all matters were heard, and it was determined by that body that appellees, acting as trustees, and the congregation which met to worship in the brick edifice were the true trustees and congregation of the Mt. Zion Baptist church and entitled to recognition in that body. The messengers

of that part of the congregation assuming to worship in the old building as Mt. Zion Baptist church were rejected by the district association. This action in most church congregations, in the absence of anything to the contrary, would have been conclusive of the rights of appellants and establish beyond question the correctness of appellees' contentions. The rules of the church are supreme in such matters. A kindred question was considered in the case of Poynter v. Phelps, 129 Ky. 381, in which are held that where there is a division in a congregation of a religious denomination, having a congregational form of church government, under which the congregation is independent and self-governing, the civil courts will, as a general rule and in the absence of any specific trust, give the property of the congregation to the majority of the members, without inquiring into whether there has been any change in the religious views of the congregation; but where there is a division of a congregation having a judicatory or final revisory power, with the right to appeal thereto, the civil courts will give the property to those persons of the congregation who are recognized by the highest ecclesiastical court as being the congregation, though they constitute a minority.

This suit was commenced by appellees as trustees of the church against those assuming to be trustees of the other faction to enforce the award of the arbitrators. The court below upheld the award, adjudging the old church be sold and the proceeds divided equally between the contending factions. Being dissatisfied with this, those assuming to be the trustees of the old church have appealed.

As the Baptist church has a congregational form of government, a pure democracy, with no judicatory to which disputes may be carried, it follows that the majority of the members had a right to direct the trustees to either buy or sell the property, in accordance with the needs of the congregation, and where notice of the meeting of the membership is given in the usual and ordinary way provided by the rules of the church the members who gather in response to such notice and call represent the entire congregation and may appear for and act on behalf thereof as fully as if all members were present and the whole body of the church is bound thereby, whether present or not. In such meeting only a majority of those present is necessary to finally settle and determine all the questions properly before the body. Mack v. Kime,

24 L. R. A. (N. S.) 675, and notes; Kashkamong v. Otte-
son, 80 Wis. 62; Gipson v. Morrison, 36 Tex. Civ. App.
593, 83 S. W. 226.

As it clearly appears that a very large majority of
all members gathered at the duly advertised meeting,
called for the purpose of determining whether the old
church should be repaired or a new edifice acquired, and
voted to sell the old building and buy the brick structure,
it follows that the entire congregation was concluded by
the action taken. In that meeting the church voted to
dispose of all the old property then occupied as a church
and to buy the brick building mentioned above at the
price of $3,000.00. This order was carried out by the
trustees of the church buying the brick property, paying
$500.00 cash and executing notes for the residue. The
schisms which resulted later did not affect the proceeding
had at the advertised meeting or the contract of purchase
made by the trustees previous to the schisms. Plainly
those members of the congregation who withdrew from
the brick edifice and undertook to re-establish themselves
in the old building as Mt. Zion Baptist church acted with-
out authority and had no right or interest whatever in
the property to which they resorted.

The award was not void or ineffectual in so far as it
decided and determined any of the questions submitted
to the board. The general rule with respect to an award
is that it is as binding and efficacious within the scope of
the articles of arbitration as a judgment of a regularly
constituted civil court. An award which goes beyond
the submission and decides matters not embraced in it is
void only as to the excess and valid as to all matters prop-
erly before the board. Adams, Admr. v. Ringo, 79 Ky.
211; Allen-Bradley Co. v. Anderson, etc., 16 R. 350.

The award of the board of arbitration was much more
favorable to appellants than was their right. Had the
board applied the strict rules governing the church and
followed the mandate of the ecclesiastical law, appellants
would have received no part of the funds arising from the
sale of the old church property; but having submitted the
matter to arbitration and appellees having generously
accepted the award and consented for appellants to have
one-half of the proceeds arising from the sale of the old
church property, we can but affirm the judgment. Cer-
tainly appellants have no grounds of complaint.

Judgment affirmed.