## People's Savings Bank & Trust Company v. Board of Trustees of South Side Baptist Church of Covington.

(Decided May 17, 1927.)

### Appeal from Kenton Circuit Court (Criminal, Common Law and Equity Division).

1. Charities.—Ky. Stats., section 324, is simply an enabling act to provide method for sale of real estate for reinvestment where property is held under grant in aid of charity or religion in manner mentioned in chapter relating to charitable uses and religious societies, of which act is a part.

2. Charities.—Ky. Stats., section 324, providing that circuit court may adjudge a sale of real estate held under grant in aid of charity or religion for the purpose of reinvestment, applies only where property is a gift or charity, or otherwise subject to enforceable limitations imposed by the grantor.

3. Religious Societies.—Conveyance to newly created church corporation, pursuant to unanimous vote of all members present at regular meeting, of church property by trustees in whose name title free from any enforceable limitations imposed by grantor had been taken, held valid without proceeding under Ky. Stats., section 324, providing that circuit court may adjudge sale of real estate constituting gift or charity for purpose of reinvestment in similar property.

4. Judgment.—Judgment of the circuit court in action brought to close street in which court had jurisdiction of subject-matter and necessary parties was conclusive on parties or their privies, including all citizens of city, of every question that could have been raised concerning regularity of steps taken by city commissioners.

5. Municipal Corporations.—On closing of street by action of city commissioners and judgment of circuit court, title thereto passed to sole owner of property abutting thereon.

6. Vendor and Purchaser.—Reverter provision in quitclaim deed to church trustees of grantors' interest in closed portion of street was not cloud on the grantee's title, where the grantors were without interest in the property described in the deed.

STANLEY CHRISMAN for appellant.

JACKSON & WOODWARD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

The South Side Baptist Church of Covington was an unincorporated religious society. For the purpose of acquiring a site for a new church it purchased two tracts

of land, which were conveyed to its trustees, but the deeds did not confer on them the power to sell or mortgage the property. The third tract composing the site was a portion of Fifteenth street, which was closed by action of the city commissioners and a judgment of the Kenton circuit court. In the month of October, 1926, the board of trustees of the South Side Baptist Church of Covington, Ky., was incorporated for the purpose of acquiring and holding the title to the real estate and personal estate of the South Side Baptist Church of Covington. To carry out the purpose of the church in forming the corporation, the church at a regular meeting, and by unanimous vote of all the members present, authorized and directed its trustees to convey the property to the newly created corporation. The trustees of the new corporation have the power to sell and mortgage the property. To raise a portion of the funds with which to build and equip the church the corporation proposes to issue bonds secured by a mortgage on the property. To this end it applied to the People's Savings Bank & Trust Company of Covington to act as trustee in the issuance and sale of the bonds. The bank is willing to act in the matter if the title to the property is good. For the purpose of testing the question this suit was brought under the Declaratory Judgment Act (Laws 1922, c. 83). The chancellor adjudged the title good, and the bank has appealed.

1. The validity of the title now held by the board of trustees of the South Side Baptist Church is challenged on the ground that the trustees of the unincorporated church made the conveyance without taking the steps required by section 324, Kentucky Statutes, which is as follows:

> "It shall be competent for the circuit court of the county in which the real estate held in the manner mentioned in this chapter is situate, to adjudge a sale of the same for the purpose of reinvestment in similar property in the same county, and for the same uses, trust and purposes; but such judgment shall only be rendered upon petition in equity made by the proper parties, setting forth the reasons why such sale would be proper and equitable, which may be controverted; and when it shall also appear that such sale will not violate any reserved

rights or qualifications or limitations expressed in the dedication or grant.''

As we view it, the statute is simply an enabling act designed to provide a method for the sale of real estate for reinvestment where the property is held in the manner mentioned in the chapter of which the act is a part. It applies to those cases where the property conveyed is a gift or a charity, or is otherwise subject to limitations or restrictions that the donor or grantor may enforce, and the title cannot be otherwise conveyed. Littell v. Wallace, 80 Ky. 252; Tate v. Woodward, 145 Ky. 613, 140 S. W. 1044. Here the property was purchased and paid for by the church, and the title was conveyed to the trustees for the use and benefit of the members of the church. The deeds are without limitation or restrictions that the grantors can enforce, and the only persons having any voice in the use or disposition of the property are the trustees and members of the church. In the circumstances it was not necessary to proceed under the statute, but the conveyance by the trustees pursuant to authority conferred by the members of the congregation was sufficient to pass a good and valid title to the new corporation. Union Sunday School of Moreland v. Trustees' Christian Church of Moreland, 171 Ky. 534, 188 S. W. 626; Bogard v. Boone, 200 Ky. 572, 255 S. W. 112.

2.   The next question is, did the church acquire a good title to the closed portion of Fifteenth street? The point is made that the commissioners proceeded by resolution instead of by ordinance, and that the city records do not show that the resolution was properly advertised. These alleged irregularities need not be discussed. It is sufficient to say that in the action brought to close the street the court had jurisdiction of the subject-matter of the action, that all the necessary parties were before the court, and that the judgment therein rendered, not having been vacated or reversed, is conclusive upon the parties and their privies, including all the citizens of Covington, of every question that could have been raised concerning the regularity of the steps taken by the commissioners. Bassett v. Bassett, 179 Ky. 567, 200 S. W. 915; Perry v. Eagle Coal Co., 170 Ky. 824, 186 S. W. 875. Upon the closing of the portion of Fifteenth street the title thereto passed to the church as the sole owner of the property abutting thereon. Henderson Elevator Co.

v. City of Henderson, 187 Ky. 453, 219 S. W. 809, 18 A. L. R. 983.

3. It appears that on March 31, 1925, the trustees of the Kentucky Baptist Educational Society executed a quitclaim deed by which they released to the trustees of the South Side Baptist Church for the use and benefit of the church all their right, title, and interest in and to the closed portion of Fifteenth street with the provision that the title so conveyed should revert to the grantors if the property were ever abandoned or appropriated to any other purpose, and it is insisted that the reverter clause places a cloud upon the title. As the title to the closed portion of Fifteenth street vested in the church as the owner of the property abutting thereon, it is at once apparent that the deed from the trustees of the Baptist Educational Society conveyed nothing and there is nothing to revert. That being true, the reverter provision of the quitclaim deed cannot be regarded as a cloud on the title.

Judgment affirmed.