## Newland et al. v. Schriver et ux.

(Decided May 28, 1929.)

HOWARD M. BENTON and CHAS. E. LESTER, Jr., for appellant.

WILLIAM U. WARREN for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Oliver P. Schriver and wife conveyed to Marguerite K. Newland a tract of land in the city of Ft. Thomas. One of the calls in the deed was to a point in the northerly line of Manor Lane, and thence eastwardly along the northerly line of Manor Lane. Mrs. Newland subsequently learned that Webster Helm was claiming a reservation of a strip of ground two feet in width along the northerly line of Manor Lane, which excluded her from access to that street and obstructed a sale of her property. She acquired the two-foot strip at an expense of $500 and instituted this action to recover that sum from Schriver and wife. The circuit court dismissed the petition, and Mrs. Newland appeals.

The facts are not in dispute, and the only question argued is whether the filing of a map in 1911 upon which Manor Lane was indicated without reservation precluded the owner from making a new and revised dedication five years later wherein the two-foot strip was reserved. The map of the subdivision filed in 1911 showed Manor Lane as a street. Other streets were shown and certain reservations were made, but there was no reservation whatever in Manor Lane. The map was drawn to a scale and a number of lots were sold within the subdivision. Manor Lane was paved leaving a strip on the northerly side unimproved. A new revised map was filed and recorded in 1916 showing a reservation of a strip two feet wide along the north line of Manor Lane. It is argued for the appellant that, since the lots bordering on Manor Lane were not sold before the revised plat was filed, the filing of the first map and the sale of other lots in the subdivision did not amount to a dedication of that particular street. It is further argued that the streets indicated on the map were mere offers to dedicate, and that when the street was paved a part of its width the acceptance was only pro tanto and left the title to the remaining and unpaved part of the street in Mr. Helm. Authorities from other states are cited to support the argument, but the question is foreclosed in Kenucky. One of the most common ways

to dedicate a street is by marking it on a map and recording the map in the county clerk's office. But if the map is not recorded in the county clerk's office, dedication may nevertheless be made by a sale of lots as delineated on the map. Schneider v. Jacob, 86 Ky. 101, 5 S. W 350, 9 Ky. Law Rep. 382; Newport Pressed Brick & Stone Co. v. Plummer, 149 Ky. 534, 149 S. W. 905; City of Louisville v. Mutual Life Ins. Co., 147 Ky. 141, 143 S. W. 782; W. T. Congleton & Co. v. Roberts, 221 Ky. 712, 299 S. W. 579; Tolliver v. L. & N. R. Co., 226 Ky. 135, 10 S. W. (2d) 623; City of Paducah v. Mallory, 225 Ky. 692, 9 S. W. (2d) 1015; Volpenheim v. Westerfield, 216 Ky. 157, 287 S. W. 545.

The fact that only a portion of the street was improved is wholly immaterial, as the city may yet improve the street its entire width as indicated on the map filed in 1911. Huddleston v. City of Ashland, 217 Ky. 452, 289 S. W. 1091; W. T. Congleton & Co. v. Roberts, supra.

When a subdivision is made and mapped and the map filed for public record or exhibited to members of the public in consummating the sale of lots, it amounts to a dedication of all the lands shown thereon for public use, whether for streets, parks, or other public purposes, and the dedication is irrevocable even though no formal acceptance by the public authorities has been made (Rowan v. Town of Portland, 8 B. Mon. 232), and even though the public is not bound to maintain the streets until such time as that duty may be undertaken. 18 C. J. 119, sec. 149; City of Henderson v. Sandefur, 11 Bush, 550; Mulligan v. McGregor, 165 Ky. 222, 176 S. W. 1129; Southern Ry. Co. v. Caplinger, 151 Ky. 749, 152 S. W. 947, 49 L. R. A. (N. S.) 660.

In view of these principles it is clear that the reservation of the two-foot strip attempted to be made in 1916 was ineffective and did not constitute a cloud upon the title to the abutting property or interfere with egress therefrom to the street. The deed for which appellants paid the $500 was ineffectual, and no liability to repay the consideration therefor accrued against the grantors in the original deed to Mrs. Newland. People's Saving Bank & Trust Co. v. Board of Trustees, 220 Ky. 113, 294 S. W. 804.

The conclusion of the circuit court conforming to the principles enunciated was correct.

Judgment affirmed.