## Sawyer v. Lamar et al.

(Decided June 21, 1929.)

BEN D. RINGO for appellant.

G. D. CHAMBERS for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

Clause 7 of the will of Eliza L. Webb, now deceased, reads:

"Item 7. To the M. E. Church South at Hawesville, Ky., my new home and the lot on which it stands and the lot adjoining to be used as a parsonage for the said church, this being my Hawesville home and lot."

This is the only clause in the will of Mrs. Webb bearing on this devise to the church. At the time of Mrs. Webb's death, this church already owned and at this time still owns in fee simple a house and lot which it had purchased for a valuable consideration and which it was and is using as a parsonage. However, this parsonage is much in need of repairs and improvements. It is far better adapted for parsonage purposes than the property devised to it by the will of Mrs. Webb. In strict accordance with the church discipline, the trustees of this church were authorized to take all steps necessary to sell and to sell the property devised to the church by Mrs. Webb, for the purpose of using the proceeds in the repair and improvement of the parsonage now being maintained by the church. Pursuant to the authority thus vested in them, the trustees brought this suit under section 324 of the Kentucky Statutes. In their petition they set out in detail the facts which we have summarized above and asked the court to direct the property devised to the church by Mrs. Webb be sold and the proceeds used as indicated. The court entered judgment accordingly, and at the sale the appellant, T. F. Sawyer, became the purchaser. He filed exceptions to the report of sale, which were overruled, and the sale was confirmed. From the judgment confirming the sale, Sawyer appeals.

Sawyer is willing to take the property if he can obtain a good title, and the only question involved on this appeal is whether under the facts as hereinbefore stated the court had authority to order the property sold for the purposes indicated. Section 324 of the Statutes reads:

"It shall be competent for the circuit court of the county in which the real estate held in the manner mentioned in this chapter is situate, to adjudge

a sale of the same for the purpose of reinvestment in similar property in the same county, and for the same uses, trust and purposes; but such judgment shall only be rendered upon petition in equity made by the proper parties, setting forth the reasons why such sale would be proper and equitable, which may be controverted; and when it shall also appear that such sale will not violate any reserved rights or qualifications or limitations expressed in the dedication or grant.''

This section of the Statutes deals with property which has been devised, given, granted, conveyed, appointed, or assigned for charitable uses, and covers a devise of the character of the one here in question. By its terms the court is empowered to adjudge a sale of such property for the purpose of reinvestment in similar property in the same county and for the same uses, trusts, and purposes. In the case of Littell v. Wallace, 80 Ky. 252, the testatrix had devised to a church certain property to be used as a parsonage. By special act the Legislature specifically authorized the trustees of the church to sell the property, which they did, and this court upheld the conveyance, saying:

''The testatrix did not contemplate that the particular house and lot should be used forever as a parsonage, without regard to decay or inconvenience, her main object being to furnish a parsonage, to be used and enjoyed by the members of the church and their minister. We are of opinion that a sale and reinvestment of the proceeds in other property, to be devoted to similar uses, will carry out her intention and purpose as expressed in the will; and this power of sale, aside from the legislative authority, is essential to the execution of such a trust, as the decay, unfitness, or inconvenience of the house as a parsonage, might ultimately defeat the intention of the testatrix, if a sale could not be made.

''The sale of the property so devised cannot be made as a matter of course; but in cases of this class, when the Legislature has given the authority to trustees to sell and convey, by and with the advice and consent of the beneficiaries, such advice and consent, when regularly given, as in this case, are sufficient to ascertain the propriety of the sale.''

As section 324 of the Statutes vests in the trustees of this M. E. Church at Hawesville practically the same authority as was vested in the trustees of the Presbyterian Church in the Littell case, supra, it follows that the sale here in question was a valid one, provided the use of the proceeds in repairing and improving the parsonage owned in fee by the church, and for which it had paid a valuable consideration is a reinvestment of the proceeds "in similar property in the same county, and for the same uses, trust and purposes." The reinvestment was in the same county, and the proceeds were used for parsonage purposes. Does it make any difference that, instead of buying a new parsonage, the proceeds were used in improving and repairing a parsonage already owned as above indicated? We think not. The trust with which the property, and after its sale its proceeds, was impressed will follow such proceeds into the property owned in fee simple and bought for a valuable consideration by the church, when these proceeds are used in the improvement and repair of that parsonage. Such proceeds could have been used undoubtedly to build a parsonage on a lot owned in fee by the church, and for which a valuable consideration had been paid. There is no real distinction between building such a parsonage and repairing and improving a parsonage already there, which the church owns as indicated above. The trust fund in both instances is used for parsonage purposes, and is devoted to the ends which the testatrix had in mind, and which she wished to accomplish. Therefore the court had the authority to order the sale here in question, and Sawyer took a good title.

The judgment of the lower court being in accord with these views, it is affirmed.