## Kelly v. Second Presbyterian Church of U. S. A. (North).

Dec. 9, 1941.

Warfield Z. Miller for appellant.

Ross, Ross & Bayer for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The Second Presbyterian Church of U. S. A. (North) of Richmond, by its trustees, upon proper authority of the congregation and the presbytery, has entered into a contract with Harry T. Kelly to sell and buy the church's property for $8,500. As recited in the resolutions of the two church bodies and the contract, it is purposed to re-invest the proceeds in the purchase of another lot and the erection of a building elsewhere. This suit tests the authority of the church to convey a good title because of the provisions of the will of Caldwell C. Campbell under which it received $5,000 and invested it in the present property in accordance with the terms of the bequest. It is disclosed that the church has become surrounded by business houses and is in such bad repair that for three years or more services have been held elsewhere in the city in rented property. As a matter of convenience and for other assigned reasons, it is desirable, if it be not necessary, to re-establish the church in the eastern section of the city.

The portion of Campbell's will involved is as follows:

"I will and bequeath the sum of Five Thousand Dollars to be paid by my executors to Brutus J. Clay, Esq., Rev. T. H. Clelland and Dr. D. W. Morse as a fund in trust to aid in the purchase of a suitable lot of ground in Richmond, Kentucky, and the erection on same of a substantial brick church house

to be held, owned and used by that branch of the Presbyterian Church in said town who are in accord with the Presbytery and Synod of this State in connection with the General Assembly of the Presbyterian Church of the United States, and who, in contradistinction to the other branch of Presbyterians are sometimes called Northern Presbyterians. This bequest to take effect on the conditions that within two years after my death, contributions in aid of this charity to the amount of at least $2,500. shall be raised from other sources and steps taken to buy the ground and erect the building and secure the title to the property forever to the use of the Church for which it is designed, never to be diverted from them to others, with reasonable insurance to be safe on the building, and provided also, that a subscription heretofore made by me of $2,000. to this purpose is to be cancelled and annulled.''

Section 324, Kentucky Statutes, authorizes the circuit court of the county in which real estate is held for religious purposes to adjudge its sale ''for the purpose of reinvestment in similar property in the same county, and for the same uses, trust and purposes,'' if it shall be made to appear ''that such sale will not violate any reserved rights or qualifications or limitations expressed in the dedication or grant.'' This statute provides a method by which title to property in which a charitable trust is invested may be conveyed which could otherwise not be done because of limitations or restrictions that the donor or grantor may enforce, and re-invest the same in a manner consistent with the purposes and objects of the trust. Littell v. Wallace, 80 Ky. 252; People's Saving Bank & Trust Co. v. Board of Trustees of South Side Baptist Church of Covington, 220 Ky. 113, 294 S. W. 804. It may be doubted that the statute really needs to be invoked where the terms of the dedication or grant do not themselves undertake expressly to confine its use and investment to a particular property or location with a condition of reversion. As a general rule a court of equity may permit re-investment of a charitable fund in a more suitable location where the necessity arises from an unforeseen change of circumstances and it should be done in order to carry out properly the charitable intention of the donor. 5 R. C. L. 363; Board of Trustees of Madison Academy v. Board

of Education of City of Richmond, 282 Ky. 671, 139 S. W. (2d) 766.

Mr. Campbell did not make a devise of specific property or even designate a location for the church, to the building of which he bequeathed the money. The bequest was to assist in acquiring any property and the erection of a church. The only limitation or condition was that the property should be "for the use of that church for which it is designed, never to be diverted from them to others." The investment of the fund in property located elsewhere in Richmond than the original situs upon the same condition does not violate the terms of the gift. The purpose of the donor will continue to be accomplished. The case is fully covered by our opinions above cited, and Sawyer v. Lamar, 230 Ky. 168, 18 S. W. (2d) 971; Cf. Lightfoot v. Lightfoot, 207 Ky. 426, 269 S. W. 529; Scott-Lees Collegiate Institute v. Charles, 283 Ky. 234, 140 S. W. (2d) 1060; Harwood v. Dick, 286 Ky. 423, 150 S. W. (2d) 704.

The judgment authorizing the church trustees to consummate the sale of the property for the purpose of re-investment in the manner stated and declaring the title of the purchaser to be good, in so far as the fund involved is concerned, is therefore affirmed.